OPINION of the Court, by
Judge Trimble.
— On the 31st of August, 1802, M’Kinney assigned to M’Con-nel a due bill, on a certain Charles Floyd, for 21 barrels and a peck of salt, which was to have been delivered at Manslick, sixty days after the date of the due bill, bearing date on the 10th day of December, 1800.
M’Connel, by virtue of this assignment, commenced a suit on the due bill, in his own name, against Floyd, on the 12th day of November, 1803 ; obtained judgment thereon in September, 1804 : upon which judgment he sued out a fieri facias against Floyd, which was returned, “no property found.”
After this, the said M’Connel, as assignee of M’Kinney, brought this suit to recover over against him, as assignor.
The first count in the declaration is upon the assignment ; avers that M’Connel had used due diligence to obtain payment irom Floyd, but could not; and that, in consideration of the premises, M’Kinney assumed to pay, &e.
The second count is for money had and received, together with an allegation that M’Kinney represented, at the time of the assignment, that salt at Manslick was worth two dollars per bushel, &c.
The defendant pleaded non assumpsit. And upon the trial the plaintiff proved the foregoing circumstan *240 ces ; and also gave evidence that be had sent the no⅛⅜ in the fall 1802, to the lick, and theie made application to Floyd for the salt, but did not get it ; that Floyd offered to pay the salt in five days, but the waggoner could not wait. The plaintiff further proved, that before the assignment of the note, the defendant sent it lor payment, and that the salt was ready, but the waggoner had not room for it; that he sent it again and the salt was not ready, and that the person by whom he sent, upon enquiry at the lick, was informed that Floyd’s circumstances were desperate ; which was communicated to M’Kinney ; who, notwithstanding, at the time of the assignment, represented Flood as solvent.
AiBgnee holding up the obligation fourteen months without fuit, was guilty of groft negligence.
Not accounting for this delay, he was not entitled to re-courfe againft affignor.
If the debtor was in doubtful circumftances, theneceftity for due diligence was therefore the greater.
Proof that af-lignor had mis-reprefented the circumftanccs of the debtor, not admiffible ; no fuch mifre-prefentation be. *j:g dedated on.
The plaintiff produced other witnesses, who proved, that from the enquiries they had made at the lick concerning Floyd’s circumstances, he appeared to have been insolvent before the assignment; and one witness proved he had done work for him, and did not get his pay. The plaintiff’s witnesses proved that salt, in the fall 1802, sold at the lick at two dollars per bushel; but that in the fall 1804 it had fallen : and it was proven by the record of the suit, M'Connel, assignee, vs. Floyd, that he recovered judgment in that suit for £. 7 14s. 7d. and costs. The defendant’s counsel objected to all the evidence offered concerning the information the witnesses had received of Floyd’s circumstances, but was overruled by the court, who permitted the evidence to go to the jury. The defendant moved the court to instruct the jury not to allow more for the salt per bushel than had been allowed in the suit, M'Connel, assignee, vs. Floyd, which instruction the court refused to give ; to which the defendant excepted.
The jury in this suit found for the plaintiff £. 16 7s. in damages. The defendant’s counsel moved for a new trial, ©n the grounds that the judge had permitted improper testimony ; that he had relused to give proper instructions to the jury ; that the verdict was against law and evidence ; and because the damages were excessive. The motion for a new trial was overruled, and judgment given for the plaintiff; and the defendant tendered his bill of exceptions, which was sealed and made part of the record, and which sets forth the whole case as made at the trial,
*241 The question in this court is, whether a new trial ought to have been granted for all or any of the causes urged in the motion by the defendant’s counsel ?
This court will not, in general, direct a new trial where it has been refused by the inferior court; but will only interpose where it clearly appears they have erred, in refusing it, especially where it is moved for upon the suggestion that the verdict was contrary to evidence.
But in this case, it is clear a new trial ought to have been granted, on several grounds. In the first place, the evidence of what the witnesses had heard of Floyd’s insolvency, was clearly illegal, and ought not to have been received. The judge erred also in refusing the direction prayed for as to the value of salt. Even admitting M’Kinney represented salt to be worth two dollars per bushel at the lick, in 1802, the evidence given by the plaintiff himself shews that such was the fact; and if the plaintiff, by delaying his suit against Floyd, recovered judgment for only £.7 14s. 7d. it was his own fault, and not the fault of his assignor ; and he could only be entitled to recover against M’Kinney, if any thing, according to the measure of the recovery against Floyd, with interest and costs of suit; and upon this view of the'subj ect, the damages found were excessive.
It also seems to us that the verdict was contrary to law, inasmuch as it appears from the evidence that the plaintiff had not used reasonable diligence to obtain payment from Floyd, but was guilty of gross negligence. He did not commence suit against Floyd for about 14 months after the assignment, and his delay is not accounted for. If on application to Floyd for payment, he refused or neglected to make payment, the plaintiff ought to have commenced his suit against Floyd in a reasonable time. He cannot be aided by the application to Floyd for payment in the fall 1802 ; because, if demand and refusal can in any ease give a right of recovery over against the assignor, it cannot here, inasmuch as M’Connel did not in reasonable time give notice thereof to M’Kinney, and offer to return the due bill, so as to enable him to coerce payment.
If Floyd was in doubtful circumstances, the delay on the part of M’Connel was themore inexcusable, because there was the greater necessity for vigilance in endeavoring to secure the debt.
*242 The evjt}ence given for the purpose of proving tíiáé M’Kinney had fraudulently misrepresented Floyd’s circumstances, ought not to be regarded: for if the plaintiff had intended relying upon that fraud on M’Kinney’s part, he ought to have charged it in his declaration, in an appropriate count for that purpose ; which he has not done. — -—Judgment reversed.