## HANNA *v.* PEGG.

HANNA
v.
PEGG.

In an action on the assignment of a note or bond, by the assignee against the assignor, the consideration of the assignment need not be set out in the declaration; but the time when the suit against the maker was instituted, judgment obtained, and execution issued, or the circumstances of excuse for not suing him, must be stated.

Bills of exchange by the law merchant, and promissory notes by statute, may be declared on as specialties; but this privilege may be waived, and, where there is a privity of contract, the holder may declare on the original consideration, and give the bill or note in evidence.

To fix the liability of the assignor of a note, or bond, under our statute, the general rule, except in cases of notorious insolvency or of something equivalent, is, that the assignee must bring a suit against the maker, or obligor, and proceed in the ordinary course of law for the collection of the debt; and that, as to the execution, the return of a fi. fa., "no property found," is prima facie sufficient.

In a suit by the assignee against the assignor on the original consideration of the assignment, the note and assignment, with the facts of due diligence, are competent evidence; not conclusive to be sure, but from which, when unrebutted, the jury may infer the existence of a precedent debt, to the amount of the note, as set forth in a count for money paid, or for money had and received.

Where the declaration is general, the defendant may demand a bill of particulars.

If the assignor whose assignment is special get the note again, he is considered prima facie the owner, without showing a receipt or re-assignment from his assignee.

No special damages, except interest, are recoverable under either of the counts, for money had and received, or for money paid; and *quære*, whether interest is, under the latter.

ERROR to the *Franklin* Circuit Court.

Friday, May 10.

BLACKFORD, J.—Assumpsit by *Pegg*, the assignee, against *Hanna*, the assignor, of a sealed note. There are three counts in the declaration: one upon the assignment; one for money laid out and expended; and one for money had and received. There was a general demurrer to the first count, and judgment for the defendant below. To the other counts, the defendant pleaded the general issue. It appears from the record that *Julian* and *Jones*, on the 27th of *November*, 1818, executed a note under seal for the payment of 383 dollars to *Hanna* or order, payable 12 months after date, for value received; that *Hanna* for value received assigned the note to *Pegg*, who assigned it to *Cory*; that on the 22d of *January*, 1820, *Cory* commenced a suit in

May Term, *Fayette* county against the makers, held them to bail, and ob-
1822. tained judgment against them at the *March* term, 1820, which

HANNA v. PEGG.

was the first term after the note became due; that on the 11th of *April* following, a fieri facias issued on this judgment, which was duly returned by the sheriff, "No property found." The record of these proceedings in the suit by *Cory* against the makers of the note, was objected to as not admissible evidence under the money counts, but the objection was overruled. The plaintiff produced at the trial, and gave in evidence, the note of *Julian* and *Jones* to *Hanna*, and proved the assignment; which evidence was also objected to, but admitted by the Court. It was proved, that, after the return of the execution against the makers without effect, *Cory* talked of suing *Pegg*, his immediate assignor, but soon afterwards informed his attorney that he had received satisfaction for the note from *Pegg*. It was also proved, that *Hanna* had told the witness that the note had been indorsed by him to *Pegg* for a valuable consideration, and that *Pegg* had not received the money on it; that, in consequence of *Pegg's* not having used due diligence, *Hanna* had said he was not liable, but he did not intend that *Pegg* should lose it, and he meant at some future time to settle with him. Upon this testimony, the plaintiff in the Circuit Court rested his cause. The defendant demurred to the evidence, and there was a joinder in demurrer. The damages were assessed conditionally by the jury at 428 dollars; and the judgment of the Court, being for the plaintiff, was rendered for that amount, with costs of suit. The defendant appeals to this Court.

The objections to the first count are:—that the consideration for which the assignment was made is not set out; and that the facts of due diligence are not averred with sufficient particularity. We think that the first exception is not tenable. Our statute, making notes and bonds assignable, not only authorizes the assignee in his own name to sue the maker, but also to sue the assignor upon the maker's default. There seems to be no good reason why the assignment, like the note, may not be considered the contract, and as importing prima facie a good consideration. It is true, an averment of the consideration of an assignment is, in *Virginia*, held to be necessary; *Hall* v. *Smith*, 3 Munf. 550; but, in that state, the statute does not give an action to the assignee against the assignor, and, of course, the assignment cannot be considered the foundation of the suit. The

practice therefore in *Virginia* does not affect this case. We are of opinion that here, by virtue of our statute, the plaintiff may declare on an assignment, as upon a bond, note, or bill of exchange, without averring the consideration upon which the assignment was made. The second objection, however, to the special count is fatal. The averment, that, in due time and without delay, judgment was obtained and execution issued against the makers of the note, who became insolvent before the money could be made by due course of law, is too general. These are nothing but the inferences of the plaintiff from certain facts which should have been shown in his declaration. Whether due diligence had been used, was a question of law for the Court to determine from the particular facts of the case. *Tindal* v. *Brown*, 1 T. R. 167.—*Bryden* v. *Bryden*, 11 Johns. R. 187. In an action against the indorser of a note, conformably to the law merchant, the day upon which the demand was made on the maker, is a fact which must be averred, that the Court may judge whether such demand was in proper time; and, according to our statute, the plaintiff must set out the time when suit was instituted, when judgment was obtained, and when execution issued, or the circumstances of excuse for not instituting a suit, that the Court may have it in its power to determine, whether the due diligence has been used which the law requires in cases of this kind. The Circuit Court therefore was right in sustaining the demurrer to the first count in the declaration.

The next question presented for our consideration, is, Were the suit by *Cory* against the makers of the note, and the note itself with the assignment, admissible evidence under the money counts in the declaration? By the custom of merchants, bills of exchange may be declared on as specialties: they import on their face a good consideration, and, in actions founded on them, no averment of a consideration is necessary. In *England*, the statute of *Anne* extended this custom to promissory notes; but, in that country, the holder of a bill or note may waive this privilege, and, instead of declaring on the instrument itself as a contract and substantive cause of action, he may, where there is a privity of contract, declare on the original consideration for which the bill or note was given or indorsed, and under a count for money paid, or for money had and received, give the bill or note in evidence. Chitt. on Bills, 374—380.—*Ford* v.

*Hopkins,* 1 Salk. 283.—*Cruger* v. *Armstrong,* 3 Johns. Cas. 5 (1). Our statute has not changed the law in this respect. In authorizing a suit upon the note, or upon the assignment, it has, like the statute of *Anne,* given an additional remedy, but has not taken away the common law right to proceed by indebitatus assumpsit for the original debt, and to introduce the note or assignment to prove it. That the assignment of a note in payment does not extinguish the pre-existing debt, or a debt created at the time, unless the creditor by express agreement takes it at his own risk, is a doctrine very well settled. *Kearslake* v. *Morgan,* 5 T. R. 513.—Chitt. on Bills, 113.—*Clark* v. *Young,* 1 Cranch, 181. Even a bill of exchange, taken in payment by the creditor, only suspends his right of action on the original demand for the time the bill has to run; and in the event of its dishonour and no laches by the holder, the liability of the debtor on the original consideration is revived. *Clark* v. *Mundal,* 1 Salk. 124.—*Stedman* v. *Gooch,* 1 Esp. R. 3.—*Murray* v. *Gouverneur,* 2 Johns. Cas. 438. The original cause of action, then, if there was one, has not been extinguished by the assignment of this note, unless from a want of due diligence against the makers. We have heretofore determined, that the diligence to be used by the holder against the maker of the note, does not depend here upon the custom of merchants. A fair construction of our statute seems to forbid, that the assignee should have immediate recourse to the assignor, upon a mere demand on the maker and notice of his refusal. Something more is certainly required; and we may lay it down as a general rule, that it is the duty of the assignee to bring suit against the maker of a note or bond, and proceed in the ordinary course of law for the collection of the debt, except in cases of notorious insolvency, or where some other reason equally strong may exist for dispensing with a suit. *Violett* v. *Patton,* 5 Cranch, 142.—*Saunders* v. *Marshall,* 4 Hen. & Munf. 455 (2). In the case before us, the makers were arrested, and judgment was recovered against them, at the first term after the note became due; and a fieri facias was issued within a few days after the term in which the judgment was rendered, which was duly returned "No property found." We are of opinion that this was prima facie evidence of sufficient diligence. *Goodall* v. *Stewart,* 2 Hen. & Munf. 105.—*Bay* v. *Freazer,* 1 Bay, 66. *Cory,* having thus done his duty, had a right to look to his immediate indorser for payment.

*Pegg* took up the note without waiting for a suit, and commenced the present action against *Hanna*, who had indorsed it to him. It appears to the Court, for the reasons which have been given, that, upon default of the makers of the note, and the fairly obtaining of it from *Cory*, the plaintiff had his choice either to sue the defendant upon the implied contract created by his assignment, or to waive that, and sue him upon the original consideration for which the assignment was made. He chose the latter, or rather was driven to it by the decision of the Court against the first count of his declaration. Hence we conclude, that the note and assignment, with the facts of due diligence, were admissible evidence for the assignee against the assignor, in an action upon the original consideration of the assignment: evidence to be sure by no means conclusive, but from which, unrebutted as it was, a jury might infer the existence of the precedent debt, set forth in the second or third count of the declaration. The introduction of such testimony, in this general form of action, need be no surprise to the defendant, as he has the right to demand a bill of particulars. *Wade* v. *Beasley*, 4 Esp. R. 7.— *Pierce* v. *Crafts*, 12 Johns. R. 90. The objections therefore to this testimony were correctly overruled by the Circuit Court.

Whether the possession of the note by the plaintiff, after the special assignment of it to *Cory*, was of itself prima facie evidence of his right to it, is a question which has been differently decided. 1 Ld. Raym. 742.—1 Dall. 193.—1 Yeates, 94.—7 Cranch, 159. The last case we have met with on the subject, is that of *Dugan* v. *The U. States*, 3 Wheat. 172, 183, where the Court says: "If any person who indorses a bill of exchange to another, shall come to the possession thereof again, he shall be regarded, unless the contrary appear in evidence, as the bona fide holder and proprietor of such bill; and shall be entitled to recover, notwithstanding there may be on it one or more indorsements in full, subsequent to the one to him, without producing any receipt or indorsement back from either of such indorsees, whose names he may strike from the bill, or not, as he may think proper." This opinion appears to us to be correct (3). But in our case the plaintiff did not rest on possession alone: he proved *Cory's* acknowledgment of having received satisfaction from the plaintiff. His right therefore to the note was sufficiently established. This cause derives some support from the acknowledgment of the defendant, that he had indorsed

the note to the plaintiff for a valuable consideration, and that, though he did not consider himself bound in law to pay the money to the plaintiff, he intended at some future time to settle with him. In demurring to the evidence adduced by the plaintiff to support the action, the defendant thereby admitted every fact and every conclusion which the evidence conduced to prove. *Pawling* v. *The U. States*, 4 Cranch, 219. From the testimony spread upon the record by the demurrer, we think a jury might legally infer, that the assignment of the note was made in consideration of money paid by the assignee to the use of the assignor, or of money had and received by the assignor to the use of the assignee, to the amount of the note (4); that due diligence had been used by the holder against the makers of the note without effect; that the plaintiff had fairly taken up the note from his indorsee; and that he had a right to recover from the defendant the amount of the consideration for which the assignment was made. On neither of the money counts, however, could the plaintiff recover more than the original consideration money with interest, because upon that consideration alone these counts are founded. It seems to be settled in *England*, that, in an action for money had and received, the plaintiff can only recover the net sum received without interest. *Walker* v. *Constable*, 1 Bos. & Pull. 306.—*Tappenden* v. *Randall*, 2 ib. 472. In *Pennsylvania* and *New-York* it has been decided, that in such an action interest may be recovered. *Eastwick* v. *Hugg*, 1 Dall. 222.—*Pease* v. *Barber*, 3 Caines, 266. In actions for money paid for the use of another, or for money lent to him, the plaintiff has a right to interest on the money advanced. *Trelawney* v. *Thomas*, 1 H. Bl. 303. In the case before us, the note and assignment are considered prima facie evidence that the consideration was equal to the amount of the note, but nothing more: that sum therefore, with interest, is all that the plaintiff had any right to claim under either of the general counts in his declaration. Any special damage of the plaintiff, such as the costs of suit against the makers of the note, can only be recovered under a special count founded on the implied contract created by the assignment. The judgment of the Circuit Court on the demurrer—that the evidence of the plaintiff was *sufficient* to maintain the issue—is right; but there is an evident mistake as to the quantum of damages. The plaintiff has taken judgment for more than he could recover on the money counts; and for that

reason alone the judgment on the inquisition is erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with directions to the Circuit Court to render judgment for the plaintiff below, with his assent, for the amount of the note with interest from the time it became due up to the time when the judgment shall be rendered; or, if such assent be not given, then there must be a new assessment of damages.

*Caswell,* for the plaintiff.

*Test,* for the defendant.

May Term, 1822.

HANNA
v.
PEGG.

(1) Thus, in an action by the indorsee against the indorser of a promissory note, indorsed and discounted for the maker's accommodation, there was a mis-description of the note in the count on the indorsement; and a question arose, whether the note was sufficient proof of the count for money lent and for money had and received. The Court held, that a note, or an indorsement, is prima facie evidence against the maker, or indorser, under a count of this nature, on the ground that the note warrants a presumption that the maker, or indorser, has received the contents of the note: but that as it was there proved, that the money for which the note was made had been paid, not to the indorser, but to the maker himself, and for his sole use, the presumption arising from the mere act of indorsement was destroyed, and the defendant below was entitled to judgment. *Page's Adm'rs* v. *The Bank of Alexandria,* 7 Wheat. 35. So, in assumpsit against one of the makers of a promissory note, payable by four instalments, the declaration contained, beside the money counts, one count on the note, which stated the last instalment to be payable on the 21st of *June,* instead of the 24th of *June,* as in the note. Upon an objection being made to the plaintiff's right to recover, as there was a variance between the note and declaration, it was contended that he could recover on the money counts, and that the note might be given in evidence for that purpose. It appeared, however, that the defendant had signed the note as a surety for the other maker; that no consideration had passed to him from the plaintiff; and that they had had no dealings together. *Dallas,* C. J. said, It is clear that the variance on the first count is fatal; and I am of opinion that the plaintiff cannot recover on the money counts. The presumption of the existence of a debt, which would otherwise arise, is repelled in this case; for it has been shown that there was no antecedent dealing, and that the defendant attached his signature as a surety only. There was no antecedent debt, neither was there any consideration between the parties to this action, and the plaintiff cannot support it.—The rest of the Court concurred. *Wells* v. *Girling,* 8 Taunt. 737. In the *nisi prius* report of this case, 1 Gow's R. 21, the *English* authorities on the subject may be found collected in a note by the reporter. Vide also *State Bank* v. *Hurd,* 12 Mass. 182.—*Burdick* v. *Green,* 18 Johns. R. 14.—*Butler* v. *Wright,* 20 Johns. R. 367. It has been held, that where there is no privity, as in the case of an indorsee against the acceptor of a bill or maker of a note, the money counts cannot be resorted to, unless an express promise to pay can be proved. *Johnson* v. *Collings,* 1 East, 98.—*Bartow* v. *Bishop,* Ibid. 432.—*Houle* v. *Baxter,* 3 East, 177.—*Waynam* v. *Bend,* 1 Camp. 175.—*Exon* v. *Russell,* 4 Maule & Selw. 505. Sed vide *Pierce* v. *Crafts,*

May Term,  cited in the text, where it is decided that a note payable to *A.* or bearer, is ev
1822.     idence in assumpsit by the holder or indorsee against the maker, under the ge-
          neral counts.

SPRINGER
v.        (2) The maker's having taken the oath of an insolvent debtor, is not the
PETERSON.  only evidence of insolvency. The plaintiff may show to the jury, by other
          testimony, that the maker is in fact insolvent, and that a suit would have
          been wholly unavailing. *Violett* v. *Patton*, cited in the text.—*Brown* v. *Ross*,
          6 Munf. 391.—*Youse* v. *M'Creary*, May term, 1829, post.

          (3) Acc. *Norris* v. *Badger*, 6 Cowen, 499.—3 Kent's Comm. 79.

          (4) The assignor is liable for the amount received for the assignment, with
          interest, and the costs of the suit against the maker. The amount of the note
          is prima facie evidence of the price paid for the assignment; but the assignor
          may show the real consideration. *Youse* v. *M'Creary*, supra.