WILLIAMS
v.
DYER.

*R. W. Thompson*, for the defendant.

WILLIAMS and Another *v.* DYER and Another.

The payee's possession of a note is *prima facie* evidence that it is his, though there be on the note his special indorsement of it to a third person.

*Tuesday,
June 4.*

ERROR to the *Marshall* Circuit Court.

BLACKFORD, J.—*Edwin Dyer* and *David B. Freeman*, trading under the firm of *Dyer & Freeman*, brought an action of debt against the makers of a promissory note. Plea, nil debent. The note was payable to the plaintiffs, and had on it the following indorsements, viz., "Pay to *Edwin Dyer* the within note. Value received. *Dec.* 17, 1835.—*D. B. Freeman.*" "*Jan.* 7, 1836. *Edwin Dyer.*" An objection was made to the note as evidence, in consequence of the indorsements; but the objection was overruled. Judgment for the plaintiffs.

The only question in the cause is, whether the indorsements on the note rendered it inadmissible evidence, in an action by the plaintiffs?

We shall not examine into the validity of the indorsements; for, admitting them to be valid, the question we have stated must be answered in the negative.

The possession of the note by the payees is *prima facie* evidence that they are the owners of it, although there may be on the note a special indorsement of it by them to a third person. *Dugan* v. *The United States*, 3 Wheat. 172.—*Picquet* v. *Curtis*, 1 Sumner, 478.—*Hanna* v. *Pegg*, 1 Blackf. 181.—*Harris et al.* v. *Smith*, 4 id. 550.—*Dodd* v. *Noble*, ante, p. 30.

*Per Curiam.*—The judgment is affirmed, with 6 *per cent.* damages and costs.

*J. A. Liston*, for the plaintiffs.

*H. Cooper*, for the defendants.