## DORSEY v. HADLOCK and Others.

The assignee of a promissory note, not negotiable by the law merchant, may maintain a suit in equity against a remote assignor.
But a suit at law does not lie in such case.
A *fi. fa.* issued on the 18th of *May* on a judgment which was recovered without delay, on the 25th of the preceding month, by an assignee against the maker of a note. All the defendant's property that could be found was levied on and sold, but the proceeds of the sale paid only a part of the debt. *Held*, that the diligence used was sufficient to charge a remote indorser, in equity, for the balance due on the note.

APPEAL from the *Floyd* Circuit Court. *Thursday, May 30.*

SULLIVAN, J.—This was a bill in chancery, filed by the plaintiff in error as the second indorsee of a promissory note, to recover a balance due upon it from *Hadlock* and *Woodworth* the first indorsers. The bill states that on the 3d of *April*, 1837, *Stephenson* and *Acheson* made their promissory

note for the sum of 1,480 dollars and 7 cents, payable six months after date to *Hadlock* and *Woodworth;* that *Hadlock* and *Woodworth* indorsed it on the 29th of *May,* 1837, to *Greenbury Dorsey,* and the latter on the same day indorsed it to the complainant; that on the 9th of *October,* 1837, the note being unpaid, the complainant commenced a suit at law in the *Floyd* county Circuit Court against *Stephenson* and *Acheson,* who were residents of said county, for the recovery of the amount of said note; that a *capias ad respondendum* was issued returnable to the next term, which was duly served on *Acheson* ten days before the first day of the term, but in consequence of the absence of *Stephenson* from the state, it was not served upon him ten days before the first day of the term, and the cause was for that reason continued until the next term of the Court; that at the term next succeeding, a judgment was rendered in favour of the plaintiff against said *Stephenson* and *Acheson* for the amount of the note, and on the 18th of *May,* 1838, a *fieri facias* was issued, which was levied on certain real estate, being all the property that the sheriff could find belonging to the execution defendants, and part thereof was sold on the 21st of *July,* 1838, for the sum of 558 dollars, and the residue being incumbered by mortgage, was subsequently sold by virtue of a *vend. exponas* for the sum of 62½ cents. *Hadlock* and *Woodworth* and *Greenbury Dorsey* are made defendants to the bill; and the prayer is, that the first indorsers may be decreed to pay to the complainant the balance due to her, &c. *Hadlock* and *Woodworth* demurred to the bill. The demurrer was sustained and the bill dismissed.

We understand the principle to be well settled, that the assignee of a bond, or of a note not negotiable by the law merchant, cannot maintain a suit at law against a remote indorser, because, as between them, there is no privity of contract. In the state of *Virginia,* from whence our statute regulating the negotiability of paper not mercantile in its character is derived, such is now, and has been for years, the settled law. 1 Blackf. 55.—1 Cranch, 290. 3 *id.* 311. The remedy of the indorsee at law is against his immediate indorser only.

A Court of equity however, to prevent a multiplicity of

suits, will in such cases entertain a bill, and render a decree in favour of the indorsee against an indorser ultimately liable however remote, provided legal diligence has been used by the indorsee to recover from the maker. *Riddle* v. *Mandeville*, 5 Cranch, 322.—*Bank of U. S.* v. *Weisiger*, 2 Pet. 331. The indorser, it is said, is understood to pass to the indorsee every right, founded on the note, which he himself possesses. Among these is his right against the prior indorser. This right is founded on an implied contract which is not by law assignable. Yet if it is capable of being transferred in equity, it vests, as an equitable interest, in the holder of the note, and may of course be enforced in equity. *Riddle* v. *Mandeville*, *Supra*. 2 Story's Eq. 497.

As the jurisdiction of a Court of chancery in the case under consideration cannot be doubted, the question remains to be examined, whether the complainant has shown in her bill that she employed due diligence to collect the debt from the makers of the note. We think the statements in the bill do show that she has, with due diligence, pursued the makers as far as the law requires. A suit at law was brought within a few days after the note became due, and a judgment was obtained at the first term at which it could, by the laws of the land, be obtained. The judgment was rendered at the *April* term of the Court, and on the 25th day of the month. When the term closed we are not informed. On the 18th of *May* execution was issued, and promptly laid on all the property of the defendants that could be found, as the bill alleges, which was sold without unnecessary delay. It was not necessary that the plaintiff should pursue the makers of the note further. A return of *nulla bona* to an execution, issued on a judgment in favour of an assignee against the maker of a note, is sufficient evidence, *prima facie*, of the insolvency of the maker, in an action by the assignee against the assignor. *Hanna* v. *Pegg*, 1 Blackf. 181. In this case the averment is, substantially, that the property levied on paid the sum of 558 dollars and 62½ cents part only of the debt, and that for the residue, no property whereon to levy could be found. It amounts to the averment of a return of *nulla bona* as to the debt now sought to be recovered.

We decide this case upon the allegations in the bill, which

May Term, 1844.

are admitted by the demurrer to be true. If the facts are not truly stated, or if the defendants can show that they have been prejudiced by the delay of the plaintiff, either in commencing suit against the makers of the note, or in issuing execution on the judgment obtained against them, the defendants will of course avail themselves of a proper defence in. their answer to the bill.

*Per Curiam.* — The decree is reversed with costs. Cause remanded, &c.

*R. Crawford,* for the appellant.

*J. Collins,* for the appellees.