Nov. Term, 1846.

CLARK
v.
SPEARS.

---

## CLARK v. SPEARS.

In a suit on the assignment of a promissory note, the declaration stated that the term of the Court at which the plaintiff had obtained judgment against the maker, was adjourned on the 7th of *September*, 1839, and that a *fi. fa.* issued on the judgment on the 21st of the same month. *Held*, that the declaration showed, *prima facie*, sufficient diligence in taking out execution.

Monday,
December 21.

APPEAL from the *Tippecanoe* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Clark*, assignee, against *Spears*, assignor, of a promissory note. The declaration contains two counts. The first count alleges that the note was made by *Taylor* and *Smith* to *Marshall*, indorsed by the payee to *Sumner*, by the latter to the defendant, and by the defendant to the plaintiff; that the plaintiff indorsed the note to *Mains*; that the latter obtained judgment against the makers of the note at the *August* term, 1839, of the *Tippecanoe* Circuit Court, which was the first term after the assignment of the note to the plaintiff; that the said term was not adjourned until the 7th of *September*, 1839; that, on the 21st of the same month of *September*, *Mains* sued out a *fieri facias* on the judgment, which was returned "No goods or chattels, lands or tenements;" that the plaintiff received back the note from *Mains*, &c.; by

means whereof, &c. The second count is substantially the same with the first.

General demurrer to each of the counts, and judgment for the defendant.

The declaration is objected to on the ground, that the execution was not issued on the judgment against the makers of the note in time. The Court adjourned on the 7th of *September*, 1839, and the execution issued on the 21st of the same month. This shows, *prima facie*, sufficient diligence in taking out execution. If the defendant can show that he sustained a loss by the delay in the issuing of the execution, he will have the right to do so. *Dorsey* v. *Hadlock et al.* 7 Blackf. 113.—*Nance* v. *Dunlavy*, *Id.* 172. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*R. A. Chandler* and *D. Mace*, for the appellant.
*Z. Baird*, for the appellee.