*J. B. Julian*, for the appellant.

---

## LEMON *v.* TEMPLE and Another.

Where a non-resident plaintiff is under a rule to give security for costs by a particular day, it is discretionary with the Court to enlarge the rule.

The payee's possession of a note is *prima facie* evidence that it is his, though there be on the note a special indorsement to a third person.

APPEAL to the *Putnam* Court of Common Pleas.

DAVISON, J.—*Temple* and *Barker* sued *Lemon* upon a promissory note for the payment of 801 dollars. The note is dated "*Philadelphia*, *February* 10, 1853," payable to the order of the plaintiffs nine months after date, at the branch of the state bank of *Indiana* at *Indianapolis*, with current rate of exchange on *Philadelphia*. The complaint charges that the note, when it became due, was presented at said branch bank, and then and there duly protested for non-payment; and that the current rate of exchange between *Indianapolis* and *Philadelphia*, was, at that time, one per centum, &c. The defendant answered, 1. That the note is usurious, in this, the rate of exchange is by that amount more than six per centum per annum on the debt, &c. 2. There was no presentation or protest as alleged, &c., or notice thereof. The reply led to issues, &c. By consent of parties, the cause was submitted to the Court, who found for the plaintiffs; and, over a motion for a new trial, there was judgment, &c.

The record contains a bill of exceptions, which shows that on the calling of the cause, it being admitted that the plaintiffs resided in the state of *Pennsylvania*, the defendant moved for a rule against them for security for costs. The motion was sustained, and the plaintiffs were ordered to give such security on the calling of the cause on "to-morrow morning," being the morning of the next day of the same term at which said order was made. The cause having been called at the time designated, and no bond for costs having been given, the defendant moved to dismiss the suit, but his motion was overruled; and without any cause being shown by the plaintiffs for failing to file such bond according to the order of the Court, further time was given to file it; whereupon the plaintiffs filed a bond for costs in open Court; to the filing of which the defendant then objected, but the objection was not sustained. In this ruling we perceive no available error. The rule of practice is, that "the suit shall not be dismissed for want of such bond, if the plaintiff will file one in open Court, upon being ordered to do so." 2 R. S., pp. 127, 128.

May Term,
1856.

LEMON
v.
TEMPLE.

Monday,
June 9.

No injury could have resulted to the defendant from the action of the Court, as the bond was filed on the day named in the order, upon the decision of his motion to dismiss the suit, and it "included all previous costs." *Id.* 128. Moreover, to allow further time for the performance of the order, was a matter plainly within the discretionary power of the Court. 4 Blackf. 9. That power, in this instance, has, in our opinion, been properly exercised.

The note, it appears, was indorsed by the plaintiffs; and on that account, the defendant objected to its admission as evidence on the trial; but the objection was correctly overruled. The payee's possession of a note is *prima facie* evidence that it is his, though there be on the note a special indorsement to a third person. 3 Wheat. 172.— 5 Blackf. 160.

The third assignment of error is thus stated: "On the question of usury, the finding of the Court should have been for the defendant." The note, it will be seen, was payable at nine months, "with current rate of exchange on *Philadelphia;*" but it contains no stipulation for the payment of interest during the period of forbearance, nor does it on its face show an agreement to pay for such forbearance an amount over the statutory rate of interest. From the note itself, it can not be inferred that the parties intended to violate the statute; and though it was competent for the defendant to have proved that the words "with current rate of exchange on *Philadelphia,*" were designed as a cover for usury, yet there is no evidence in the record in the slightest degree tending to show the transaction illegal. In the absence of such proof, the finding of the Court must be adjudged correct.

*Per Curiam.*—The judgment is affirmed, with 6 per cent. damages and costs.

*D. R. Eckels* and *D. E. Williamson*, for the appellant.
*H. C. Newcomb* and *J. S. Harvey*, for the appellees.