*E. Walker, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellant.

---

## THE MICHIGAN SOUTHERN AND NORTHERN INDIANA RAILROAD COMPANY v. FISHER.

CATTLE RUNNING AT LARGE.—In the absence of an order of the county board, the common law rule prevails in this State, that the owner of cattle is bound to keep them on his own premises.

SAME.—Where by an order of the county board cattle are allowed to run at large, no greater obligation is thereby imposed upon the owner of other property, in the lawful use thereof, than rested upon him by the common law.

SAME.—RAILROADS.—Suit against a railroad company for killing a cow, the injury being alleged to have been caused by the negligence of the servants of the company. The evidence showed that the county board had passed an order allowing such animals to run at large; that the cow was

The Michigan Southern and Northern Indiana Railroad Company *v.* Fisher.

killed at the crossing of a public highway; that the whistle was not sounded, nor the bell rung, and that the train was running at an unusual speed. It was storming at the time, making it difficult to see or hear at any great distance.

*Held,* that the defendant was not liable.

APPEAL from the *Noble* Circuit Court.

GREGORY, J.—*Fisher* sued the railroad company for killing his cow, "through the fault, misconduct and negligence" of the employees, servants and agents of the defendant, by striking and running over her with a locomotive and train of cars running on the defendant's road.

This suit was commenced before a justice of the peace, and was tried in the court below on appeal.. The court found for the plaintiff. The defendant moved for a new trial, on the ground that the verdict was not sustained by the evidence, and that the same was contrary to law. The court overruled the motion, to which the defendant excepted. The evidence is in the record. The cow was running at large; she was killed by a train on the defendant's road, about one and a half miles west of *Ligonier*, at a road crossing; the cattle were accustomed to cross the railroad there; it was a crossing on a public highway; it was snowing at the time, and the wind was blowing hard, making it difficult to hear or see at any considerable distance; no whistle or bell was sounded, and the train was running about one-fourth faster than usual.

The Board of Commissioners of *Noble* county, at their *June* term, 1853, under sections 1 and 2, chapter 4, of the Revised Statutes of 1852, made an order allowing cows &c., to run at large.

In the absence of an order of the board of county commissioners, the common law rule obtains in this State, that the owner of cattle is bound to keep them on his own premises, and that if he permits them to roam at large, on the land of others, he is a wrong-doer. *The Lafayette and Indianapolis R. R. Co.* v. *Shriner,* 6 Ind. 141, But this was not the rule in the early settlement of this State. It was not

then applicable to our circumstances. And, as some portions of the State are yet sparsely settled, the legislature has placed it in the power of the county commissioners to change this rule of the common law. But when such an order is made, it imposes no greater obligation on the owner of other property, in the lawful use thereof, than rested upon him at the common law. This question was very fully considered by this court in *Durham* v. *Musselman*, 2 Blackf. 96, and the ruling in that case meets our approbation.

In the case in judgment, the railroad company was in the lawful use of its own property, in such a manner that the injury complained of was not the natural or probable consequence of the act, and therefore the company is not liable to one who permitted his cow to run at large.

The judgment below is reversed, with costs, and the cause remanded, with directions to grant a new trial, and for further proceedings.

*J. B. Niles*, for appellant.