———•———

## MILLER *v.* DEAVER.

PROMISSORY NOTE.—*Diligence.*—In order to bind the assignor of a promissory note, such diligence only is required of the assignee in prosecuting the maker to insolvency as prudent men usually exercise in taking care of their own interests under the like circumstances.

SAME.—Where the assignee commenced his suit on the note against the maker in proper time, in the court first to sit after the maturity of the note, and the legislature, after the suit was brought, postponed the term of the court in which it was pending until after the sitting of another court;

*Held,* that the assignee was not bound to dismiss that suit and commence in the other court.

SAME.—A judgment having been obtained in proper time by the assignee against the maker, execution was issued thereon twenty-three days after its rendition and twelve days after the close of the term.

*Held,* that, *prima facie,* this was due diligence.

SAME.—*Excuse for Want of Diligence.*—The insolvency of the maker when: judgment is rendered against him at the suit of an assignee, excuses the necessity of an execution.

SAME.—*Evidence.*—Where, in a suit by the assignee against the assignor of a promissory note, the plaintiff put in evidence a judgment recovered by him against the maker and a summons showing the commencement of the suit which resulted in the judgment, but omitted to introduce any other part of the record;

*Held,* that, as it did not appear that the judgment introduced was upon the note in suit, this evidence was insufficient to bind the assignor.

PRACTICE.—*Supreme Court.—Motion to Strike Out.*—No question can be made in the Supreme Court upon the refusal of the court below to strike out a portion of a paragraph of a pleading.

APPEAL from the Decatur Common Pleas.

FRAZER, J.—This was a suit by the assignee against the assignor of a promissory note. Questions were made upon the sufficiency of both paragraphs of the complaint. As to the first, it is argued that it does not show due diligence in prosecuting the makers to insolvency.

We cannot agree that the holder of the note, having commenced his suit in proper time in the court first to sit after the maturity of the note, was bound to dismiss that suit and commence in another court, the legislature having, after the suit was brought, postponed the term of the court in which it was pending until after the sitting of the other court. We know of no authority for requiring such extraordinary diligence. Such diligence only is required as prudent men usually exercise in taking care of their own interests under the like circumstances. To this extent only does the contract bind the assignee. If other proceedings out of the usual course would save the debt, the indorser can always put himself in position to resort to them for his own protection, at his own expense.

Nor can we assent to the proposition of the appellant, that in order, *prima facie,* to show due diligence, an execution should have issued earlier. Twenty-three days elapsed after the rendition of judgment, and twelve days after the close of the term. In *Dorsey* v. *Hadlock,* 7 Blackf. 113, twenty-four days elapsed after the rendition of judgment, and it

was held a sufficient amount of diligence, *prima facie*. In *Spears* v. *Clark*, 3 Ind. 296, the Indiana cases upon this particular subject were reviewed, and it was declared that they authoritatively established the rule that the issue of execution in such cases may be delayed till a reasonable time therefor has elapsed after the close of the term at which judgment has been rendered, unless special circumstances are shown, requiring, as an act of good faith, that it issue earlier. In that case fourteen days elapsed after the close of the term, and thirty days after the judgment was rendered.

The second paragraph is like the first, except that it alleges the insolvency of the makers when the judgment was rendered, thus seeking to excuse the necessity of an execution upon the ground that it would have been wholly useless and unavailing. We think the demurrer to it was properly overruled.

It is assigned for error that the court below erred in refusing to strike out a portion of the second paragraph. We think that this action of the court was correct; but if not, no question upon it can be made in this court. This has been so frequently held that it cannot now need discussion.

But the judgment must be reversed for error in refusing a new trial; and this is the only error. The plaintiff failed utterly to prove that he had sued or obtained judgment upon the note. He put a judgment in evidence recovered by him against the makers, and a summons showing the commencement of the suit which resulted in the judgment, but omitted to introduce any other part of the record; and, consequently, it did not appear that the judgment was upon the note.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. Gavin*, *C. Ewing*, and *J. D. Miller*, for appellant.

*C. Shane* and *W. A. Moore*, for appellee.