48   389
125  533

## THE JEFFERSONVILLE, MADISON, AND INDIANAPOLIS RAILROAD CO. v. UNDERHILL.

NEGLIGENCE.—*Contributory Negligence.*—*Railroad.*—*Cattle Killed in City.*—*Fence.*—It is negligence in the owner of cattle to allow them to run at large in a city, where a railroad is not required to be fenced; and by reason of such contributory negligence, he can not recover for cattle killed by trains of a railroad company at such place, when the company is guilty of negligence only; otherwise, where the cattle are wilfully killed.

From the Floyd Circuit Court.

*G. V. Howk* and *W. W. Tuley*, for appellant.

DOWNEY, J.—This was an action by the appellee against the appellant, to recover the value of a cow killed by a train of cars run by the appellant on the road of the Louisville, New Albany, and St. Louis Air Line Railway Co., in the city of New Albany.

The case is the same as that reported in 40 Ind. 229. The judgment was then reversed on account of the insufficiency

of the complaint. On the return of the case to the circuit court, the complaint was amended by leave of the court. As amended it consisted of three paragraphs.

In the first, it was alleged " that the injury to the cow was caused by the negligence of the defendant, and not by any fault or negligence of the plaintiff."

In the second, " by the gross and wanton negligence of the defendant, and without any fault or negligence of the plaintiff contributing directly to said injury."

And in the third, "by the gross and wanton negligence and wilful misconduct of the defendant, and without any fault or negligence of the plaintiff contributing directly to the injury."

There was a fourth paragraph, which, on demurrer, was adjudged bad, and need not be further noticed.

The answer was a general denial. There was a trial by jury, a verdict for the plaintiff, a motion for a new trial overruled, and final judgment for the plaintiff.

The error relied upon is the refusal of the circuit court to grant a new trial; and the ground on which it is insisted that the new trial should have been granted is, that the evidence was not sufficient to justify the verdict. The cow was killed in an alley in the city, where, of course, there could be no fence. The case is not under the statute relating to the liability of unfenced railroads. The case turns upon the question of negligence, etc., as alleged in the complaint.

The plaintiff lived in New Albany and carried on a dairy there. His residence and dairy were about a square and a half from the railroad track, and about five squares from the point on the railroad where the cow was killed. He allowed his cows to run at large, except when they came up to be fed and milked.

We have held in several cases, that an owner of cattle allowing them to run at large, under such circumstances, can not recover when the railroad company is guilty of negligence only; that such negligence of the owner prevents a recovery, by him, on the ground of his own contributory negligence.

*The Jeffersonville, etc., R. R. Co.* v. *Adams,* 43 Ind. 402; *The Indianapolis, etc., R. R. Co.* v. *Harter,* 38 Ind. 557.

Upon reading the evidence in consultation, it was the opinion of some of the members of the court that it failed to show any negligence on the part of the defendant. But as the case need not be made to turn on that point, and as the judges were not all agreed as to that, it was further considered whether the evidence showed that the cow was wilfully killed by the defendant; in which case, according to the authorities already cited, the company would be liable, although the plaintiff was negligent in allowing his cow to be at large; and it was agreed, without any dissent, that it did not. It follows, that on the ground of the objection urged, the judgment must be reversed.

The judgment is reversed, with costs, and the cause remanded, with instruction to grant a new trial.