## THE CINCINNATI, HAMILTON, AND DAYTON RAILROAD COMPANY v. STREET.

PRACTICE.—*Motion to Quash Summons.*—To raise any question upon a motion to quash a summons and a return thereon, the summons and return must be set out in a bill of exceptions, in cases where they do not properly constitute a part of the record.

SAME.—*Motion to Strike Out.*—A judgment will not be reversed for error in ruling upon a motion to strike surplus matter from a pleading.

RAILROAD.—*Negligence of Owner of Animal.*—It is such contributory negligence as will prevent the owner of an animal from recovering for an injury inflicted by a passing railroad train, causing its death, if the animal was allowed to run at large in the vicinity of the railroad at a point where it was not fenced, and could not legally be fenced.

From the Wayne Circuit Court.

*W. A. Bickle,* for appellant.

*I. B. Morris,* for appellee.

DOWNEY, J.—Suit by the appellee against the appellant, to recover the value of a horse of the appellee, killed by the appellant while operating and controlling the road of the Cincinnati, Richmond, and Chicago Railroad Company, and while

it was the lessee of said last named road, and on the road of said last named company, the same not being securely fenced at the point where the horse went upon the railroad track and was killed.

In a second paragraph of the complaint, it is alleged, that the defendant was controlling and operating a railroad line, without stating what company owned it. The paragraph sets out an ordinance of the city of Richmond, within which the horse was killed, alleges that the train was being run at a higher rate of speed than allowed by the ordinance, and that the horse was killed negligently, carelessly, and recklessly, without the fault or negligence of the plaintiff.

In each paragraph, the value of the horse is alleged to be three hundred dollars.

The first question presented relates to the sufficiency of the paragraphs of the complaint. We see no valid objection to them, and do not understand the point to be urged by counsel for appellant in argument.

The second alleged error is the refusal of the court to quash the summons and return thereon. The summons and return are not set out in any bill of exceptions, and are not, in this case, any part of the record, there having been an appearance by the defendant. 2 G. & H. 273, sec. 559.

There was a motion by the defendant to strike out alleged surplus matter in the second paragraph of the complaint. This objection, if well founded, is not an error for which the judgment can be reversed. *Porter* v. *Silvers*, 35 Ind. 295; *Miller* v. *Deaver*, 30 Ind. 371.

To the first paragraph of the complaint, the defendant pleaded:

1. That there was not, at the time when, etc., any such corporation as the Cincinnati, Richmond, and Chicago Railroad Company, the owner of said road. This paragraph was verified by the oath of the attorney of the defendant.

2. That the defendant was not, at the time when, etc., running said road under a lease from and in the name of the Cincinnati, Richmond, and Chicago Railroad Company.

3. That the horse was killed in a street in the city of Richmond, where the railroad could not be fenced.

4. General denial as to all matters not specially denied.

To the second paragraph of the complaint, the defendant answered matter amounting to a denial of the paragraph, and nothing more.

A trial by jury was had, and there was a verdict for the plaintiff.

A motion for a new trial was made by the defendant, and overruled by the court.

Final judgment was rendered for the plaintiff for the amount of the verdict.

The remaining questions arise out of the overruling of the motion for a new trial.

There are fifteen specifications or reasons stated in the motion for a new trial:

First. That the verdict was contrary to law.

Second. It was contrary to the evidence.

The third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh call in question the action of the court in giving instructions 1 and 2, and in refusing to give instructions numbered 1, 2, 3, 4, 5, 6, and 7, asked by the defendant.

The twelfth, thirteenth, fourteenth, and fifteenth relate to the admission of evidence for the plaintiff which was objected to by the defendant.

We do not deem it necessary to examine each of these questions separately. It is quite clear that the evidence does not make out a case under the first paragraph of the complaint. No one, except the engineer, saw the animal when it was struck by the engine, and he testified that it was struck at the crossing of Thirteenth street, in the city of Richmond, and therefore at a point where it was not lawful for the company to fence the road. There is no conflict in the evidence on this point. It was only under this paragraph of the complaint that it became necessary to prove that the defendant was running and operating the road of the Cincinnati, Richmond, and Chicago Railroad Company, in the name of that company,

and it was under that paragraph that the evidence on this subject was admitted, to which objection was made, and which constitutes the twelfth, thirteenth, fourteenth, and fifteenth reasons alleged for a new trial. If the case was not made out under the second paragraph of the complaint, the judgment must be reversed.

Under the second paragraph of the complaint, the plaintiff must prove two things, first, negligence on the part of the railroad company, and, second, innocence of contributory negligence on his part.

An ordinance of the city prohibited the running of trains faster than five miles an hour within the city. The train which ran over and killed the animal was running faster than this. The engineer says six miles an hour, and others say much faster. The night was dark. The mare was running at large, and had a colt with her. When the train was approaching, the colt crossed the railroad in front of the engine, and the mare was in the act of crossing when she was struck by the engine. The mare and colt were usually kept up, but on the day and evening in question were out. The plaintiff testified that they were out at noon; that he hunted for them up and down the creek in the evening, but could not find them. Just how far the plaintiff lived from the place where the mare was killed does not appear, but it was near enough for the animals to roam upon the track of the road. There was another railroad near the same place, as appears from the evidence. We are of the opinion that the plaintiff was guilty of contributory negligence in allowing his animals to be at large in the vicinity of the railroad, where it was not and could not legally be fenced. He knew that the animals were out at noon, and it does not appear that he made any search for them until in the evening, and no diligent search appears to have been made for them then. When he knew that the animals were out, and made no effort then to reclaim them, it must be held that they were out with his consent. *The Jeffersonville, etc., R. R. Co.* v. *Underhill*, 48 Ind. 389, and cases cited.

Whether it was such negligence in the company as would entitle the plaintiff to recover, that the train was run faster than was allowed by the ordinance, had the plaintiff not been guilty of contributory negligence, we need not decide.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.