Filed Jan. 8, 1885.

---

No. 11,668.

CINCINNATI, WABASH AND MICHIGAN RAILWAY COMPANY *v.* HILTZHAUER.

RAILROADS.—*Negligence.*—*Pleading.*—A complaint against a railroad company for killing cattle upon a highway crossing, by reason of negligent failure to sound the whistle and ring the bell, as the statute requires, without any negligence of the plaintiff, is good.

SAME.—*Negligence of Plaintiff.*—*Cattle at Large.*—Where, in such case, it appears by evidence that the plaintiff's cattle were running at large, and it is not shown that there was an order of the county board allowing cattle to run at large, a verdict for the plaintiff will be set aside.

From the Grant Circuit Court.

*C. Cowgill, H. B. Shiveley* and *C. E. Cowgill,* for appellant.
*J. F. McDowell* and *J. Brownlee,* for appellee.

ELLIOTT, J.—The complaint of the appellee, omitting the formal parts, is as follows: "The plaintiff, in the month of October, 1881, was the owner of one roan cow and one black cow and one white heifer, of the aggregate value of sixty-five dollars; and at the county of Grant and State of Indiana, about four miles north of the town of Marion, at a public crossing of a highway on defendant's line of railroad, in the month of October or November, 1881, while said company was operating, by its employees, a locomotive and train of cars passed over and upon the said cattle and killed them. Plaintiff avers that said defendant by its employees was running its train of cars at a fast rate of speed at the

time said cattle were killed and at the crossing where they were killed, and while said defendant by its employees was approaching said crossing with its locomotive and train of cars, it did, by its employees, carelessly and negligently and wilfully neglect to sound the whistle attached to said locomotive at a distance of eighty to one hundred rods from said crossing, as was required by law, and that it further carelessly, negligently, and wilfully neglected to ring the bell on said locomotive until it passed over said crossing. Plaintiff avers that by the said negligent acts and carelessness of said defendant, by its employees, said cattle were killed, all of which killing was without any fault or negligence of plaintiff."

This complaint is justly subject to criticism, but, while we may agree with the counsel for appellant in their criticism upon its general frame and its phraseology, we can not agree with them in the assertion that it does not state facts sufficient to constitute a cause of action.

It is probably true, as asserted by counsel, that a railroad company is not guilty of negligence because it does not slacken the speed of its trains at highway crossings, or because it runs over them at a rapid rate of speed. Pierce R. R. 406. But granting this to be the law, it does not follow that the complaint is bad, for other acts of negligence are averred.

It is charged that the whistle was not sounded until the locomotive was nearer the crossing than eighty rods, and that the bell was not rung until the train had passed the crossing. Our statute requires that the whistle shall be sounded and the bell rung when the "engine is not less than eighty nor more than one hundred rods from such crossing." R. S. 1881, 4020. In omitting to do what the law enjoins the appellant was guilty of actionable negligence.

The statute provides that the company negligently omitting to give the prescribed signals shall be liable in damages to any person that "may be injured in property or person."

R. S. 1881, sec. 4021.   The effect of this statutory provision is
to clothe one whose person or property is injured with a right
of action in cases where there is a negligent failure to give
the signals required.   We do not think the right of action
exists only where a reasoning being is injured, but do think
that if the negligent omission to do what the law requires
causes injury to animals, a right of action accrues in favor of
the owner.   We find nothing in Pierce on Railroads oppos-
ing this conclusion.   There are statements on the pages re-
ferred to by counsel which, if detached from the language
with which they are associated, might possibly be regarded as
lending support to appellant's position, but when considered,
as they must be, in connection with the language with which
they are associated, they are very far from yielding that posi-
tion any support.   Pierce Railroads, 350, 351.   We do find at
another place in the same book a statement diametrically op-
posed to the views of counsel.   Thus it reads: "The omis-
sion to give signals of warning which will alarm cattle is not
in itself negligence, when they are not required by statute.
But when they are so required the company is liable for in-
juries to cattle resulting from the omission."   Pierce R. R.
408.   This statement is supported by a strong array of au-
thority, and is, we have no doubt, a correct expression of the
law.   The remark of the judge who wrote the opinion in
*Harty* v. *Central R. R. Co.*, 42 N. Y. 468, that " The sole ob-
ject of this law, it seems to me, was to protect persons
travelling upon the highway, at or near the crossing," must
be construed in connection with the facts to which it was ad-
dressed, and interpreted by the language with which it is as-
sociated, and when this is done it becomes perfectly evident
that the court had not the remotest intention of applying the
remark to such a case as this, but intended to declare that the
statute did not apply to persons walking on the track where
there was no crossing, and did apply to travellers passing
upon the highway.

Recoveries for injuries alleged to have resulted from neg-

ligence can not be adjudged unless it appears that the injuries are attributable to the negligence. It is not enough to show that there was negligence, but, in addition to showing negligence, it must also be shown that to it the injury is traceable. Addison Torts, 36; Rorer R. R. 1009. If it be true, as counsel affirm, that the injury for which a recovery is here sought is not shown to be attributable to the negligence charged, then the complaint is bad. In our judgment this is not true. The introductory allegation is that the cattle were killed by the locomotive and cars passing over them. This is followed by the statement of the specific acts of negligence, and it is then averred that "by the said negligent acts of said defendant said cattle were killed," and this sufficiently shows the causal connection between the negligence and the injury.

There is evidence that the bell was not rung at all, and that the whistle was not sounded until the locomotive was within twenty or thirty yards of the crossing on which the cattle were struck and killed, and we can not say that the finding on this point is wrong, although the evidence of the plaintiff is strongly contradicted. Nor can we say that the facts proved were not such as warranted the inference that the negligent omission to give the signals was not the proximate cause of the killing of appellee's cattle. It is not necessary, as counsel's argument assumes, that there should be direct or positive evidence that the negligence caused the injury; it is sufficient if there are facts from which that conclusion can be drawn by inference. *Hedrick* v. *D. M. Osborne & Co.*, *ante*, p. 143.

There was no evidence introduced tending to show that an order of the board of commissioners had been entered allowing cattle to run at large, and the appellee was therefore guilty of a wrong in permitting the animals owned by her to wander about the public highways. The common law required the owner of cattle to keep them within his own close, and if they were suffered to run at large, the owner was regarded as a trespasser if they entered upon the close of

another person. This doctrine applies to railroad companies, and they are not liable for killing cattle upon public highway crossings in cases where the owner wrongfully permits them to run at large. Pierce R. R. 401. Our cases are full and explicit upon this point. *Michigan, etc., R. R. Co.* v. *Fisher*, 27 Ind. 96; *Indianapolis, etc., R. R. Co.* v. *Harter*, 38 Ind. 557; *Jeffersonville, etc., R. R. Co.* v. *Huber*, 42 Ind. 173; *Jeffersonville, etc., R. R. Co.* v. *Adams*, 43 Ind. 402; *Jeffersonville, etc., R. R. Co.* v. *Underhill*, 48 Ind. 389; *Cincinnati, etc., R. R. Co.* v. *Street*, 50 Ind. 225; *Wabash, etc., R. W. Co.* v. *Nice, ante,* p. 152.

It is settled by many decisions of this court that where the plaintiff grounds his right of recovery upon the negligence of the defendant, he must allege and prove that he was himself not guilty of contributory negligence. This doctrine is not confined to actions for injuries to the person, but it also extends to injuries to property. *Wabash, etc., R. W. Co.* v. *Johnson*, 96 Ind. 40; *Louisville, etc., R. R. Co.* v. *Schmidt*, 81 Ind. 264; *Pennsylvania Company* v. *Gallentine*, 77 Ind. 322. The rule is recognized in all the cases, like the present, where cattle are negligently suffered to run at large and stray upon the track of a railroad; it is recognized in all the cases where railroad companies are sued for negligently suffering fire to escape, and it is also recognized in the cases where by the negligent construction of culverts the owners of adjoining lands were injured.

We are compelled to declare that the appellee, as the evidence shows, was guilty of contributory negligence, and must, therefore, reverse the judgment for the reason that the court erred in overruling the motion for a new trial.

Filed Jan. 8, 1885.