Lyons v. Terre Haute and Indianapolis Railroad Company.

Filed April 23, 1885.

———————

No. 11,552.

LYONS v. TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY.

DEMURRER TO EVIDENCE.—*Practice.*—*Effect of Failure to Prove an Essential Fact.*—A party who has not the burden of proof may demur to the evidence, and if there is an entire failure to prove one fact essential to the existence of the cause of action, the demurrer should be sustained.

NEGLIGENCE.—*Contributory Negligence.*—*Burden of Proof.*—Where a plaintff sues to recover for an injury to his property occasioned by the negligence of another, the burden is on him to show that his own negligence did not contribute to the injury.

SAME.—*Railroads.*—*Killing Cattle.*—Where there is no order of the board of county commissioners allowing stock to run at large, the owner can not recover from a railroad company for cattle killed upon a public crossing.

SAME.—*Matter of Law.*—Where there is no evidence from which it can be inferred that there was an order of the board of commissioners allowing stock to run at large, the court may, as matter of law, conclusively infer negligence.

From the Clay Circuit Court.

*S. W. Curtis,* for appellant.

*J. G. Williams, G. A. Knight* and *C. H. Knight,* for appellee.

ELLIOTT, J.—The cow of the appellant was killed upon a

public crossing by the locomotive of the appellee. There was no evidence that the board of commissioners had passed an order authorizing cattle to run at large. The appellee demurred to the evidence and the court sustained the demurrer.

Where there is an essential want of evidence, a demurrer by the party not having the burden should be sustained. It is not sufficient that the evidence sustains many points; it must sustain all the points essential to the existence of the cause of action declared on. In such a case as this an essential element in the plaintiff's cause of action is the fact that he was himself free from contributory negligence. It is too well settled to admit of debate that a party who sues for an injury to person or property resulting from negligence must prove that he was himself without negligence. *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer,* 99 Ind. 486, and authorities cited.

Where there is no order of the board of commissioners allowing cattle to run at large, the common law rule prevails, and an owner is deemed guilty of negligence who permits his cattle to wander upon a public crossing. *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer, supra; Wabash, etc., R. W. Co.* v. *Nice,* 99 Ind. 152; *Indianapolis, etc., R. W. Co.* v. *Caudle,* 60 Ind. 112; *Cincinnati, etc., R. R. Co.* v. *Street,* 50 Ind. 225. The question was presented in *Wabash, etc., R. W. Co.* v. *Nice, supra,* as it is here, upon a demurrer to the evidence, and it was decided that the negligence of the owner in allowing his cattle to run at large precluded a recovery, and it was held that the demurrer to the evidence should have been sustained. Where there is no evidence tending to prove an order of the board of commissioners allowing cattle to run at large, the court may, as matter of law, declare that the act of the owner in permitting his cattle to run at large constitutes negligence.

Judgment affirmed.

Filed April 22, 1885.