Gavin, J.
The appellee recovered a judgment against .•appellant for damages caused by the overflowing of his basement room on account of the negligent construction of a culvert or gutter which was insufficient to carry off the water collected together at that point!
The complaint alleges the negligence of the appellant do have been the sole cause of the injury, and that appellee was wholly -without fault.
The law clearly holds municipal corporations responsible for their negligence in making improvements of this .character. City of North Vernon v. Voegler, 103 Ind. 314; Town of Princeton v. Gieske, 93 Ind. 102; City of Evansville v. Decker, 84 Ind. 325.
It is not necessary to multiply authorities in support of the proposition that he who sues another for an injury caused by that other’s negligence must himself be free from contributory negligence. Indiana Stone Co. v. *216 Stewart, 7 Ind. App. 563, and cases cited; Lyons v. Terre Haute, etc., R. R. Co., 101 Ind. 419.
That this general rule is applicable to the case in hand is not controverted by counsel. Vide 6 Am. and Eng. Encyc. of Law 24; City of Denver v. Rhodes, 13 Pac. Rep. (Col.) 729.
On the contrary the case was tried upon that theory. The court instructed the jury that it was essential to appellee’s recovery that he should prove that he was himself free from fault contributing to the injury, and that any negligence in the construction of appellee’s building which contributed to the injury would prevent a recovery. These general charges were, however, qualified by the following: "And if you further find that promises to remedy the sewer were made by authorized city officials, and that the plaintiff believed that said promises would be fulfilled, and was justified in so believing, then I charge you that during the time that plaintiff so believed in the fulfillment of said promises, and was reasonably justified in doing so as aforesaid, he is not to be charged with contributory negligence on account of any defects in the construction of the building or the arrangement of the premises.”
In this qualification of its previous charges we are of opinion that t.he learned judge who presided at the trial was in error. We have been unable to find any legal principle upon which such an exception to the general rule can be founded.
The appellee had no right to continue one of the concurrent causes of his injury, created by his own negligence, and then recover because appellant failed to remove, according to its promise, the other cause, created by its negligence. If appellee, in reliance upon this promise, permitted his ■ own negligence to continue, he was not enabled thereby to throw off upon appellant’s- *217 shoulders the results of his own wrong, which was a potent factor in producing the injury.
Filed Nov. 20, 1894.
The eminent and learned counsel who represent the appellee have not advanced any authority in support of this proposition, nor have we found any. The nearest analogy to it is that rule which holds a master responsible for his negligence where a servant continues to work with defective appliances after knowledge of such defects, relying upon the master’s promise, either express or implied, to remedy the defect. Indianapolis, etc., R. W. Co. v. Watson, 114 Ind. 20; Brazil Block Coal Co. v. Hoodlet, 129 Ind. 327; Kentucky, etc., Bridge Co. v. Eastman, 7 Ind. App. 514, and cases cited; Hough v. Railway Co., 100 U. S. 213; Breckenridge Co. v. Hicks (Ky.), 22 S. W. Rep. 554; New Jersey, etc., R. Co. v. Young, 49 Fed. Rep. 723; Indianapolis, etc., R. W. Co. v. Ott, 11 Ind. App. 564.
These authorities, however, do not hold that the plaintiff is, by reason of the defendant’s promise, relieved from the effect of his own contributory negligence, but they only decide that such promise and reliance thereon relieves the plaintiff from the assumption of the risk of the defect, which would otherwise follow his knowledge of such defect. His recovery may still be defeated unless he is shown to be free from contributory negligence. This rule of law, therefore, falls far short of sustaining,even by analogy, the position taken by appellee upon the trial of this cause.
The judgment is reversed, with instructions to grant a new trial.