This is an action by an indorsee against an indorser. There are two counts in the declaration. I will notice each in its turn.
The first count is on the indorsement of the note by the defendant. Before an indorsee shall be permitted to recover on a count like this, it becomes necessary for him to prove to the court and jury that he has in a reasonable time from the period of the note's becoming due demanded payment of the drawer, and given notice to the indorser of the nonpayment, and that he, the indorser, was looked to for payment. What is reasonable notice to an indorser is a question compounded of law and fact. 5 East, 14; 6 East, 4; 1 Schoale and Lef., 461; 1 Johns., 428; Note, 12 East, 36. In this State no fixed rule has been established within what time notice of a demand and nonpayment should be given. In some of the States (where trade and commerce are carried on more extensively than in our State) they have been very particular, and rather rigid. In New York they have in a great measure adopted the British rule, viz., that notice should be sent by the first post after the bill or note became due, if the indorser lives at a distance; personal notice, or leaving it at the dwelling-house of the indorser, if he lives in town. 10 Johns., 490; 11 Johns., 232. Where the parties in that State lived in the same town, three days was held too long. 11 Johns., 187. In the case before the Court notice was not given until fifteen months had elapsed after the note was due. I think there cannot be a doubt that this was not reasonable notice. A man might be fully able to pay the greater portion of the time, but insolvent at the time notice was given. If a loss happens, it should fall on him who has omitted to do that which the parties impliedly contracted should be done at the time of the (432) indorsement — make application to the drawer for the money in a reasonable time; if he does not pay you, give me notice, and I will pay you and resort myself to the drawer, and either draw my effects out of his hands or take such steps, either by suit or some other means, as to get the money. Do *Page 301 
not delay so long that the drawer may by possibility become a bankrupt, or lose all kind of credit with his friends; if you do, I am not responsible. This is language which is presumed by the law to be used by the indorser, and agreed to by the indorsee at the time of indorsement. The indorsee's bringing suit against the drawer makes no difference. The law does not require him to sue, and if he does, his case is not bettered by it.
The second count is on an express promise by the indorser to pay the amount of the note. Whether or not the plaintiff can derive any benefit from this promise depends upon the time the promise was made and the circumstance under which it was made. Did the defendant make this promise before the law had entirely exonerated him from the plaintiff's claim? Did he make it under a mistake, or ignorance of the law's having exonerated him? If he made the promise after such a lapse of time as would have exonerated him, had it not been made, and he had a perfect knowledge that he was not by law subject to plaintiff's recovery, then he would be liable to pay the note. The promise is a waiver of any notice of a demand on the drawer in such a case, and would be proper evidence to support the first count in the declaration. Chitty on Bills, 101, 102; 5 Johns., 248; 6 East, 16; 7 East, 231, 236; Peake's N. P., 202.
 *Page 9