## MACY *v.* HOLLINGSWORTH.

Assumpsit by the assignee against the assignor of a promissory note. A judgment had been obtained against the maker and a *fi. fa.* issued in due time. The *fi. fa.* was returned levied on certain property, which remained unsold for want of buyers. About five months after said return, an *alias fi. fa.* issued and was returned no property found. *Held*, that the second execution and the proceedings on it were void; that on the return of the first execution, a *venditioni exponas* should have issued; and that, under the circumstances, the plaintiff could not recover.

APPEAL from the *Union* Circuit Court.

SULLIVAN, J.—Assumpsit by *Hollingsworth* as the assignee against *Macy*, administrator of *Macy*, the assignor of a promissory note. The note was made by one *Hutchinson* payable to *F. Macy*, now deceased. On the 3d of *March*, 1842, and after the note fell due, *F. Macy* assigned it to *Hollingsworth*, who on the same day assigned it to *J. B. Rose*. *Rose* immediately commenced a suit against the maker, and at the next term of the Court recovered a judgment against him for the amount of the note. An execution of *fi. fa.* was promptly issued, and, there being no personal property, it was levied on the equity of redemption which *Hutchinson* had in certain lots in the town of *Liberty*, valued according to the statute then in force at 110 dollars. The sheriff exposed the property to sale, but there was no sale for want of buyers, and on the 24th of *September*, 1842, the execution was returned accordingly. On the 20th of *February*, 1843, an *alias fi. fa.* was issued and levied on the same property described in the return to the first writ. By the direction of *Rose*, the property levied on was again valued, and the appraisers certified that it was of no value; that the lots were not worth the debts for which they were mortgaged. The sheriff, thereupon, returned that he could find no property of the defendant subject to the execution. *Rose* then sued *Hollingsworth* on his assignment and recovered; and *Hollingsworth* now

prosecutes this suit against the administrator of his assignor. The foregoing facts appear in the declaration, to which there was a special demurrer. Demurrer overruled and judgment for the plaintiff.

The question which immediately affects the merits of this case is, whether legal diligence was used by *Rose* in prosecuting the maker of the note to insolvency, for if it was not, the plaintiff in error may avail himself of the neglect notwithstanding he is not the immediate assignor of *Rose*. Due diligence, in a case of this kind, requires not only that suit should be commenced in a reasonable time, but that it should be prosecuted according to the forms of law to judgment and execution without unnecessary delay. No want of diligence in this case is charged against *Rose* in commencing the suit, or in obtaining a judgment, or in issuing the first writ of *fi. fa.* The negligence complained of consists in delaying to enforce execution after the writ issued.

The first execution was returned on the 24th of *September*, 1842, showing a levy, an offer to sell, and that the property levied on did not sell for want of buyers. In such case the statute requires a *venditioni exponas* to issue, commanding the sheriff to expose to sale the property so levied on. This was not done, but on the 20th of *February* following an *alias fi. fa.* was issued, which was returned *nulla bona*. The second writ, and all the proceedings upon it, were irregular and void; for where a writ of *fi. fa.* is levied on property, a second writ of the same character cannot issue on the same judgment until the property levied on be disposed of, unless it clearly appear that the property will not pay the debt.

The two writs in this case were levied on the same property, and it is contended that as by the second appraisement, it appeared that the interest of the execution defendant in the lots was of no value, and that he had no other property on which to levy, it is sufficient evidence of his insolvency.

The question we are considering is, whether proper diligence was used by the assignee of the note to recover the money from the maker before he became insolvent. The argument of the defendant does not meet that question. If the first levy had been followed up by a *venditioni exponas*, the judgment or a part of it might have been collected. The

mode of enforcing the judgment, as prescribed by the statute, would, at all events, have been observed. The levy on the first writ in this case has not been legally disposed of. Without prejudging what would be the effect of a proper disposition of that levy, accompanied by proof of the insolvency of the maker of the note at the time the levy was made, we are of opinion that, upon the facts stated in the record, the plaintiff below cannot recover.

May Term, 1845.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. S. Reid*, for the appellant.
*J. Yaryan*, for the appellee.