Nov. Term, 1845.

BLACK
v.
WILSON.

---

## BLACK *v.* WILSON.

> In a suit on the assignment of a promissory note, it appeared that the maker had died on the fifth day of the term of the Court next after the assignment, leaving considerable personal property, but not sufficient to pay his debts; that his real estate, which was sold after his decease, was not sufficient to pay the liens which were on it at the time of his death; that the note, which was previously due, was assigned about the 15th of *December*, 1839, and the next term of the Court commenced in *March*, 1840. The dates of said liens were not shown. *Held*, that the maker's insolvency was not sufficiently proved to excuse the plaintiff for not having sued him.
>
> *Held*, also, that the circumstance that several suits by other persons against the maker had abated at said term, was not sufficient, of itself, to show that the plaintiff could not have obtained judgment against him.
>
> The act of 1838 preserves the liens of judgments in the case of an insolvent estate.

*Wednesday, December 3.*

APPEAL from the *Wayne* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit brought by *Wilson* against *Black*. There are two counts. The first is on the assignment of a promissory note executed by one *Fleming* to the defendant, and alleges the notorious insolvency of *Fleming*, at the time of the assignment and until his death, as an excuse for the plaintiff's not having sued him. The second count is for money had and received, &c. Plea, the general issue. Verdict for the plaintiff. Motion for a new trial overruled; and judgment on the verdict.

The only evidence of the maker's insolvency is, that his personal estate at the time of his death, which occurred on the fifth day of the term of the Court next after the assignment was made, was not sufficient to pay all his debts; and that his real estate did not sell for enough to pay the liens which were on it at the time of his death. The note, which was previously due, was assigned about the 15th of *December*, 1839, and the next term of the Court commenced in *March*, 1840.

The plaintiff, to prove that he could not have obtained
judgment against *Fleming* had he sued him, produced the
record of the abatement, at said term of the Court, of six
suits brought by other persons against *Fleming.* There was
no other evidence as to that matter.

The Court instructed the jury as follows: If the plaintiff,
by ordinary diligence, would not have been able to obtain
judgment against *Fleming*, he is entitled to the same rights
against *Black* as if he had brought suit against *Fleming.*
And the jury may determine, as to this question, by the fate
of the suits brought by others against *Fleming.*

We are of opinion that if the plaintiff, by ordinary dili-
gence, could have recovered judgment against the maker
previously to the fifth day of the term, on which day the
maker died, he is not excused for not suing. The reason is,
that the liens on the real estate, their dates not being shown,
may in that case have been created after the time when the
judgment might have been recovered. And if an execution
on the judgment when so recovered, could have been put into
the sheriff's hands before the fifth day of the term, suit should
have been brought, because the maker died possessed of con-
siderable personal property, though not sufficient to pay all
his debts.

The Court informed the jury, in the latter part of the in-
struction cited, that they might determine the question, as to
whether such judgment could have been so recovered, by the
fate of the other suits. In this, we think, the Court erred.
The abatement of the other suits did not, of itself, show that
the plaintiff would have failed. The plaintiffs in those suits
may not, for instance, have used ordinary diligence. We all
know that, under certain circumstances, the judgment might
have been obtained, and execution put into the sheriff's
hands, before the fifth day of the term. If there were cir-
cumstances to prevent such judgment and execution, the
plaintiff should have shown them.

The plaintiff contends that a judgment would not have
been a lien on *Fleming's* real estate, had it been recovered;
and refers to *Berry* v. *Marshall,* 1 Blackf. 340. That case
was decided under the statute of 1821. But the law is
changed. The act of 1838, which governs this case, pre-

serves the liens in the case of an insolvent estate. R. S. 1838, p. 186.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. H. Test*, for the appellant.

*J. S. Newman*, for the appellee.