WATSON *v.* ROBINSON.

Assumpsit on the indorsement of a promissory note. *Held*, that the facts set out in the record showed that the plaintiff had used sufficient diligence, without effect, to collect the money from the maker of the note, to render the indorser liable.

ERROR to the *Vigo* Circuit Court.

PERKINS, J.—Assumpsit by the assignee against the assignor of a promissory note. The declaration contains two special and the common counts. The first special count alleges the making and assigning of the note, and the insolvency of the maker at the time it fell due. The second alleges the making and assigning of the note, the absence of the maker from the state at the time it fell due, suit against him immediately on his return, judgment at the first term of the Court, execution, and a return of "no property," &c. The pleas were non assumpsit, and several special pleas leading to issues of fact. The cause was submitted to the Court and judgment rendered for the plaintiff for the amount of the note. A motion for a new trial was overruled.

The only question in the case is whether due diligence was used by the indorsee to collect the money from the maker of the note. This question arises under the general issue.

The following are the facts as they appeared in evidence: The note in question bears date, *Terre-Haute*, *March* 9th, 1842. It fell due *June* 15th, 1842; and was assigned before due. On the 23d of *March*, 1842, the maker of the note left the state in company with one *Helms*, his partner, and went to *Louisiana*, they together taking with them produce of the value of 2,500 dollars. A part of this produce appears to have been soon sold in *New Orleans*, and the remainder was, in *June*, sent to *Charleston*, *South Carolina*, where it was sold and the proceeds returned to its owners by or before the 10th of *August*, 1842. At that time the maker of the note left *New Orleans* and proceeded to *St. Louis*, *Missouri*, at which place he disposed of all his funds in payment of other debts, and from which time he had no property with which the debt in controversy could have been paid, or any part of it. He returned from *Missouri* to *Terre-Haute* on the 2nd of *May*, 1843, was sued on the 3d of the same month, and

regularly prosecuted to judgment and execution. It does not appear to have been known, at the time the maker left, where he was going, the length of time he intended to be absent, nor that he was taking his property with him.

It is not necessary to decide in this case, whether circumstances might exist that would render it the duty of an assignee to follow the maker of a note beyond the limits of the state, to entitle him to recourse upon the assignor. We are satisfied they do not exist in this case. We think the facts above stated show the use of due diligence, and that the plaintiff was entitled to his judgment.

*Per Curiam.*—The judgment is affirmed with 2 *per cent.* damages and costs.

*W. D. Griswold* and *J. P. Usher*, for the plaintiff.

*A. Kinney* and *S. B. Gookins*, for the defendant.