2c   55
Case 2
165   164

HERALD *v.* SCOTT and Another.

Under our statute, the assignor of a promissory note warrants the liability and the ability of the maker to pay the note.

Assumpsit by the assignor against the assignee of a promissory note.   The third count described the note as due in 1837, as assigned in *September,* 1840, and averred that suit was commenced and judgment obtained at the *March* term, 1841, and a return of no property, &c.   A term of the Court was held between the date of the assignment and the term at which suit was brought.   *Held,* that the count was bad on demurrer, as due diligence was not shown against the maker, and the count did not show an excuse for the failure of the plaintiff to sue at the first term of the Court after the assignment.

The second count averred notorious insolvency.   *Non-assumpsit* pleaded. The plaintiff asked the witness "if he was acquainted with the general reputation of the maker for solvency or insolvency in *September,* 1840"— that being the month in which the assignment was made.   The defendant objected to the question; objection sustained.   *Held,* that the question was too indefinite, and the objection was rightly sustained.

May Term,
1850.

HERALD
v.
SCOTT.

Wednesday,
May 29.

The assignee, when he omits to sue the maker on account of insolvency, must prove, in a suit against the assignor, the maker's inability, from want of property liable to execution, to pay any part of the given debt.

ERROR to the *Daviess* Circuit Court.

PERKINS, J.—Assumpsit by *William Herald*, the assignee, against *Scott* and *Wise*, the assignors, of a promissory note, of which *Jacob Harper* was the maker. There are five counts in the declaration. The first describes the note as due on the 12th of *December*, 1837; as assigned to the plaintiff on the 9th of *September*, 1840; and avers that it was void for want of consideration. The fourth count is like the first.

To each of these counts there was a plea, by way of estoppel, that the assignee had obtained judgment on the note in a suit against the maker, which judgment remained in full force, &c. The plaintiff demurred to the pleas, but the Court overruled the demurrer; and, as to these pleas, the defendants had judgment.

We think the Court committed no error in overruling the demurrers. The assignor of a promissory note, under our statutes, is said to warrant two things, viz: the liability and the ability of the maker to pay it. The judgment in the case conclusively filled the warranty of liability.

The third count describes the note as due on the 12th of *December*, 1837; as assigned on the 9th of *September*, 1840, in the county where the maker resided; and avers a suit commenced against him at the *March* term of the Circuit Court of said county, 1841, and duly prosecuted to judgment and execution, and a return of no property, &c. The fifth count is like the third. To these counts demurrers were sustained, and rightly, for they show a want of due diligence against *Harper*, the maker of the note. A term of the Circuit Court of *Knox* county, in which he resided, commenced on the 4th Monday, being the 28th day of *September*, 1840. This term, at which the assignee might have obtained judgment, was permitted to pass without the institution of suit on the note, and without any valid excuse shown for the failure. The

only excuse alleged by the plaintiff is, that he was a resident of *Kentucky*, and was at *Knox* county, *Indiana*, upon a visit only, at the time the assignment was made. We cannot regard this as a sufficient reason for the omission of a suit.

May Term, 1850.

HERALD v. SCOTT.

The second count describes a note in all respects similar to that set out in each of the other counts—the action being in *fact* founded but upon one—and avers notorious insolvency. To this count *non-assumpsit* was pleaded. The issue was tried by a jury, and a verdict rendered for the defendants.

On the trial the sheriff of *Knox* county was sworn as a witness, on the part of the plaintiff, and was asked "if he was acquainted with the general reputation of *Jacob Harper*, for solvency or insolvency, in *September*, 1840." The defendants objected to the question, and the Court sustained the objection. This presents the only remaining point in the case.

We understand the question asked as being preliminary to another, viz., what that general character was, and thus consider it.

Insolvency is a term of no definite, uniform meaning. It is, perhaps, more often than otherwise, understood to signify inability to pay all of one's debts; and, hence, in the question put to the witness in this case, he might have so understood it, and answered accordingly. His answer, in that event, would not have gone to the real point to be proved, and would have been calculated to mislead the jury; for, by our law, insolvency, as applicable to the maker of a note, in a suit, like the present, by the assignees against the assignors, means inability, from want of property liable to execution, to pay any part of the given debt, and this is what the assignee, when he takes the responsibility of omitting suit against the maker, is bound to prove in a suit against the assignor, or assignors. *Violett* v. *Patton*, 5 Cranch. 142.—2 Cond. R. 214. — *Black* v. *Wilson*, 7 Blackf. 532. — *Hardesty* v. *Kinworthy*, 8 id. 304. The most proper mode of doing this, would be to call upon the officers, or other

persons, who had made unavailing search for such property in other cases, though perhaps it might be *prima facie* established, but we do not so decide here, by proving general reputation, that the maker had no property liable to execution. However this may be, we think the question asked in this case entirely too indefinite.

*Per Curiam.*—The judgment is affirmed with costs.

*S. Judah*, for the plaintiff.

*C. Dewey*, for the defendants.