McGaughey and Another *v.* Elliott and Another.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for new trial.

*W. V. Burns,* for the appellants.

*A. A. Barrickman,* for the appellee.

---◦◦◦---

## McGAUGHEY and Another *v.* ELLIOTT and Another.

*A* made his note payable to the order of *B,* and *B* and *C* then endorsed it to *D,* who sued *A, B,* and *C,* as joint makers, alleging that they made the note:

*Held,* that the complaint was bad on demurrer.

*Held,* also, that *B* being the payee, could in no sense be deemed a maker, and having endorsed the note, his contract as an endorser can not be varied by extrinsic evidence.

*Held,* also, that *C,* having endorsed the note under *B,* his contract became that of an endorser, and must be governed by the same rule.

APPEAL from the *Shelby* Circuit Court.

DAVISON, J.—*Elliott* and *Major* sued *David McGaughey, Robert McGaughey, Samuel McGaughey* and *Alexander Corey,* upon a promissory note, alleging in their complaint, that, on the 19th of *January,* 1857, the three *McGaugheys* made and delivered the note to one *Thomas Wray;* that *David McGaughey* signed the note on its face; that the same was made payable to *Robert McGaughey,* and was at the time it was made endorsed by *Robert* and *Samuel McGaughey,* for the purpose of making it acceptable to *Wray;* that the note thus made by all the parties was sold and transferred to *Wray,* who afterwards assigned it to *Corey,* who, without endorsement, assigned the same to the plaintiffs. A copy of the note and

endorsements was filed with the complaint, and made a part of it, in these words:

"$1,600.                               *January* 19, 1857.

"Twelve months after date, I promise to pay *Robert Mc-Gaughey*, or order, 1,600 dollars value received, without any relief whatever from the appraisement laws.

"DAVID McGAUGHEY."

Endorsed, "*Robert McGaughey*," "*Samuel McGaughey*."

*Corey* was made a defendant to answer as to his assignment to the plaintiffs. Process against *David McGaughey* was returned "not found." *Robert* and *Samuel* demurred severally to the complaint; but their demurrers were overruled, and they excepted. The Court, to whom the issues were submitted, found for the plaintiffs, and against the defendants—*Robert* and *Samuel McGaughey*—1,816 dollars, and, having refused a new trial, rendered judgment upon the finding, &c.

The only question to settle is, Are the appellants liable as makers of the note? In *Vore* v. *Hurst*, 13 Ind. 551, it was held, that "where a promissory note is endorsed by the payee, whose name is followed upon the back of the note by other names in blank, parol evidence will not be allowed to vary the effect of the endorsements thus appearing on the note." This case is, in our judgment, decisive of the one before us. The note, as we have seen, was signed by *David McGaughey*, was made payable to *Robert McGaughey*, was endorsed by him, and then by *Samuel McGaughey*. And this being the case, the averment in the complaint that *they* made the note, is not consistent with its legal effect, and is, therefore, ineffective. Because *Robert McGaughey* being the payee, can in no sense be deemed a maker; and having endorsed the note, his contract as an endorser became defective in point of law,

and can not be varied by extrinsic evidence. And the name of *Samuel McGaughey* standing, as it does, second on the back of the note, makes his *contract* that of an endorser, and renders *it* liable to a similar construction. The demurrer was no doubt well taken, and should have been sustained.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for a new trial.

*Gordon & Beal,* for appellants.