DALE v. MOFFITT.

ACTION—PROMISSORY NOTE.—*A* made his note payable to *B*, and *C* and *D* indorsed it. *B* sued *C* and *D*, as joint makers of the note. The evidence showed conclusively that *C* and *D* placed their names ·on the note, not as makers, but as indorsers.
*Held*, that *C* and *D* were not liable in the action.

APPEAL from the *Hamilton* Common Pleas.

DAVISON, J.—*Silas Moffitt*, who was the plaintiff, brought an action against *Samuel Dale* and *William Holeman*, alleging in his complaint that the "President and Directors of the *Peru and Indianapolis Railroad Company*, on the 12th of *February*, 1851, issued their promissory note, payable to the plaintiff at three days, for 200 dollars, at 12 per cent. interest, signed by *John Burk*, President, and attested by *John T. Cox*, Secretary; that *Dale* and *Holeman*, the defendants, at the day of the date of the note, signed the same, by indorsing their names on the back hereof, which note and indorsements thereon read thus:

"$200. Upon demand or within three days thereafter, for value received, the President and Directors of the *Peru and Indianapolis Railroad Company* promise to pay *Silas Moffitt* or order 200 dollars, with interest at the rate of 12 per centum per annum until paid, payable without defalcation or default, and recoverable without any relief whatever from the appraisement laws.                JOHN BURK, President.
"Attest: JOHN T. COX, Secretary.
"Indorsed, *Samuel Dale, William Holeman.*"

There is also an indorsement of a payment thereon as follows: "Interest calculated and paid up to the 12th of *February*, 1853."

It is further averred that the note is due and wholly unpaid; that the railroad company is notoriously insolvent, and that
VOL. XXII.—8.

the defendants, though often requested, have refused to pay, &c.  *Dale,* one of the defendants, answered:

1. By a denial.

2. That he indorsed the note in blank, in the ordinary character of an indorser merely, and not with any understanding or intention of becoming liable thereon as maker, but only in case the railroad company, legal diligence having been used by the holder of the note to collect it from her, should fail to pay, &c.  The plaintiff demurred to the second paragraph; but the demurrer was overruled, and he replied in denial, &c.

The Court tried the issues and found for the plaintiff for 428 dollars.  Motion for a new trial denied and judgment. The only question to settle is, was the finding sustained by the evidence?

We have decided that, "where a promissory note is indorsed by the payee, whose name is followed upon the back of the note by other names in blank, parol evidence will not be permitted to vary the legal effect of the indorsements thus appearing on the note."  *Vore* v. *Hurst,* 13 Ind. 551.  But "where a party places his name on the back of a note, creating a liability in favor of the payee, the presumption is that he intends to assume the liability of an indorser, and nothing more.  This presumption, however, may be controlled by parol evidence, showing that he intended to assume the liability of a maker, in which case he will be regarded as a joint maker."  *Sill* v. *Leslie,* 16 Ind. 236; *McGaughey* v. *Elliott,* 18 Ind. 121; *Drake* v. *Markle,* 21 Ind. 433.  Here the payee did not indorse the note, and the defendants, having written their names on the back of it, the only question to settle is, has the presumption that they signed as indorsers been rebutted by the evidence? In the absence of any extrinsic proofs in the case, the finding should have been in favor of the defendants; but the evidence is upon the record, is not conflicting, and shows con-

·clusively that the defendants placed their names on the note, not as makers, but as indorsers. And the result is, having been sued as makers, they are not liable in this action.

*Per Curiam.*—The judgment is reversed, with costs.

*Stone & Moss*, for the appellant.