Thompson *v.* Campbell.

No. 13,978.

## THOMPSON *v.* CAMPBELL.

PROMISSORY NOTE.—*Action on Endorsement.*—*Pleading.*—*Complaint.*—*Sufficiency of.*—In an action upon an endorsement, where it appears in the complaint that judgment was obtained on the fifteenth day of the next term of the court after the maturity of the note mentioned, the suit having been commenced in vacation, for anything that appears on the face of the complaint, a *prima facie* cause of action is stated against the indorser, and the complaint is good against a demurrer.

SAME.—*Liability of Endorser.*—*Diligence to Fix.*—Where an endorsee of a note has notice that the maker is in failing circumstances, is disposing of his property, and is being sued, and disregarding a notice and request by the endorser to sue, delays until the fourth day of the ensuing term, sufficient diligence is not shown to fix the liability of the endorser.

From the Ripley Circuit Court.

*J. O. Cravens,* for appellant.

*J. L. Benham* and *E. P. Ferris,* for appellee.

COFFEY, J.—On the 13th day of October, 1883, John Peterman executed to Thomas L. Hughes and the appellant, Marion Thompson, his promissory note for the sum of $200, due the 1st day of June, 1884, at six per cent. interest, and providing for attorney's fees. On the 1st day of November, 1883, Hughes assigned his interest in said note to the appellant, without recourse, and in the month of January, 1884, the appellant assigned the same by endorsement to the appellee.

The Ripley Circuit Court convened on the 1st day of September, 1884, and on the 15th day of September, 1884, the appellee recovered a judgment in said court on said note against the said Peterman for the sum of $226 and costs of suit. On the 16th day of September, the day after the rendition of said judgment, appellee sued out an execution thereon upon which the sheriff of said county collected the sum of $126.94, exclusive of costs. On the 28th day of

May, 1885, the sheriff of Ripley county returned said execution *nulla bona.* On the 28th day of August, 1885, the appellee sued out another execution on said judgment, which was also returned *nulla bona* on the 9th day of November, 1885.

This was a suit by the appellee against the appellant upon the endorsement of said note, alleging as a cause of action the above facts.

The circuit court overruled a demurrer to the complaint, to which the appellant excepted. The appellant then answered in five paragraphs. A demurrer was sustained to the second, third, fourth and fifth paragraphs of the answer, and the appellant excepted.

The second paragraph of the answer avers that about the 15th day of June, 1884, the said Peterman being in failing circumstances, the appellant notified the appellee, by letter, of that fact, and requested him to collect his money due on said note; that at that time and until the 15th day of September, 1884, said Peterman was the owner of real and personal property subject to execution, in Ripley county, where he and the appellee resided, of the value of $5,000.

The third paragraph of the answer avers that at the maturity of the note mentioned in the complaint, the maker thereof owned property in Ripley county, Indiana, of the value of $5,000 subject to execution; that the first term of the Ripley Circuit Court thereafter convened on the 1st day of September, 1884; that at the time said note matured said Peterman was in embarrassed and failing circumstances, which fact the appellee well knew; that he was selling and transferring his property, and in the month of August, 1884, sold and transferred two hundred acres of land, subject to execution, which was known to the appellee; that he was being sued in the various courts of said county by his creditors, and that appellee neglected and refused to sue on said note, though often urged and requested thereto by the appellant, until the 4th day of September, 1884, when he filed

a complaint thereon, in term time, fixing the day of return on the 15th day of said term; that on said 15th day of September, 1884, he obtained judgment on said note against the said Peterman by default; that on the 12th day of September, 1884, other creditors of the said Peterman obtained judgments against him by default, in said court, for sums aggregating $1,339.38; that on the 3d day of said month, said Peterman conveyed three hundred acres of land in said county, subject to execution, to his son, which land was of the value of $4,000.

The fourth paragraph of the answer is the same as the third, with the additional averments that if the appellee had brought suit on the note mentioned in the complaint, during vacation, he could and would have obtained judgment thereon on the 2d day of September, 1884, which would have become a lien on three hundred and ninety acres of land in Ripley county, of the value of $4,000, which the said Peterman sold and conveyed on the 3d day of September, 1884.

The fifth paragraph of said answer avers that the payees of the note mentioned in the complaint, sold to the maker thereof $800 worth of oak timber, situate in Ripley county, Indiana, in the month of October, 1883, for which he executed to them four several promissory notes, the note mentioned in the complaint being the last of said series; that there was also executed contemporaneously with said notes a written agreement by which the said Peterman bound himself to work said timber into staves, heading and spokes, by the 25th day of December, 1884, and that if the said Peterman should make default in the payment of any one or more of said notes, that the timber so worked and being upon the premises at the time of said default, should remain and be in the possession of said payees as security for the payment of said note or notes matured; that the said Hughes endorsed his interest in said note to the appellant, who endorsed the same to the appellee, and that at the time he so endorsed said note to the appellee he surrendered to him said contract for

his use and benefit, which he has ever since held and still holds; that on the 1st day of June, 1884, and from thence to the 5th day of September following, the said Peterman had staves, heading and spokes on said premises of the value of $200, made from said timber, and while the execution mentioned in the plaintiff's complaint was in the hands of the sheriff of Ripley county, there were staves, heading, spokes and timber upon said premises belonging to said Peterman, being made from said timber, of the value of $300, subject to execution.

Under the assignment of errors in this cause the only questions for our consideration relate to the action of the court in overruling the demurrer to the complaint, and in sustaining a demurrer to the second, third, fourth, and fifth paragraphs of the answer.

It is urged as an objection to the complaint that it is not sufficient to hold the indorser to bring a suit in term time, and that suit must be brought in vacation at least ten days before the convening of court, if the note has matured in time for the bringing of such suit.

It is a sufficient answer to this objection to say, that there is nothing upon the face of the complaint from which the time when suit was instituted can be ascertained. It appears that judgment was obtained on the fifteenth day of the next term of the Ripley Circuit Court, after the maturity of the note mentioned in the complaint, but for anything appearing on the face of the complaint the suit was commenced in vacation. The complaint, in our opinion, states a *prima facie* cause of action against the appellant.

We are of the opinion that the court erred in sustaining the demurrer to the second, third, and fourth paragraphs of the answer.

It is true that there are many cases deciding that a party holding a note by indorsement has used sufficient diligence to hold the endorser liable on his endorsement when he

brings suit in time to obtain his judgment at the first term of court convening after the maturity of the note. *Odam* v. *Beard,* 1 Blackf. 191 ; *Merriman* v. *Maple,* 2 Blackf. 350 ; *Kelsey* v. *Ross,* 6 Blackf. 536 ; *Dorsey* v. *Hadlock,* 7 Blackf. 113 ; *Spears* v. *Clark,* 7 Blackf. 283 ; *Macy* v. *Hollingsworth,* 7 Blackf. 349 ; *Clark* v. *Spears,* 8 Blackf. 302 ; *Watson* v. *Robinson,* 8 Blackf. 386 ; *Black* v. *Wilson,* 7 Blackf. 532 ; *Herald* v. *Scott,* 2 Ind. 55 ; *Spears* v. *Clark,* 3 Ind. 296 ; *Zekind* v. *Newkirk,* 12 Ind. 544 ; *Craft* v. *Dodd,* 15 Ind. 380 ; *Miller* v. *Deaver,* 30 Ind. 371.

Each and all of these cases, however, were decided prior to the enactment of our present statute authorizing the commencement of suits during term time ; and each of them wherein it was held that sufficient diligence had been used to fix the liability of the endorser, the suit was commenced at least ten days before the commencement of the term in which suit was brought.

The reason for the cases holding that the endorsee has used sufficient diligence to hold his endorser by bringing suit in the first term of court convening after the maturity of the note, is that he has done all in his power to collect the note by legal process.

In this case the appellee had notice that the maker of the note endorsed to him by the appellant was in failing circumstances, that he was disposing of his property, and was being sued in the various courts of his county, and was requested by appellant to sue upon the note mentioned in the complaint; but notwithstanding such notice and request he delayed until the fourth day of the ensuing term of the circuit court of the county in which the maker of the note resided. Under the circumstances this was not sufficient diligence.

In the case of *Kelsey* v. *Ross, supra,* it was said : " Under some circumstances, a delay of seven days might be considered gross negligence, while in other circumstances it would not be so considered."

If the obligor is in a doubtful condition, and the holder of the note knows it, or has brought to his knowledge such facts as would put a prudent man upon inquiry, he must exercise greater diligence than ordinarily. *McKinney* v. *McConnel,* 1 Bibb, 239.

Due diligence can not be less than a vigilant creditor ordinarily employs to recover a debt for which he has no other security than the obligation of the creditor. *Hoffman* v. *Bechtel,* 52 Pa. St. 190.

By the assignment of the note the assignor loses control over it, and the assignee takes his place. He can not sue upon it, and as the assignee has complete control of it, in order to hold the endorser he must use the same diligence that a prudent man would use in collecting his own debt. *Nixon* v. *Weyhrich,* 20 Ill. 600 ; *Smallwood* v. *Woods,* 1 Bibb, 542 ; *Robinson* v. *Olcott,* 27 Ill. 181.

Of course the rule does not require the assignee to resort to extraordinary remedies, such as attachment and the like, but it does require him to use the ordinary remedies for the collection of his debt with the same degree of diligence usually employed by men possessing ordinarily careful business habits.

With notice that the maker was in failing circumstances, and was being sued by his other creditors, it was not diligence to wait until the fourth judicial day of the next term of court after the note became due before the institution of suit. For a collection of the authorities upon the subject of diligence, see 26 American Law Register, p. 129.

We do not think the court erred in sustaining the demurrer to the fifth paragraph. The description of the contract therein referred to is too indefinite and uncertain to enable us to determine its legal effect.

Judgment reversed, with instructions to the circuit court to overrule the demurrer to the second, third and fourth paragraphs of the appellant's answer, and for further proceedings not inconsistent with this opinion.

Filed Jan. 10, 1890.