No. 14,332.

BROWN v. NICHOLS, SHEPARD & COMPANY.

PROMISSORY NOTE.—*Protection of Endorser.*—*Duty of Assignee.*— *Waste of Mortgaged Property.*—*Pleading.*—If legal proceedings in advance of the maturity of a note become necessary to protect the endorser, the endorser, and not the assignee, must institute such proceedings; and, hence, in an action against the endorser by the assignee of a promissory note secured by mortgage, a paragraph of answer is bad which proceeds on the theory that it is the duty of the assignee to protect the mortgaged property against waste.

SAME.—*Blank Endorsement.*—*Parol Evidence to Vary.*—Parol evidence of an antecedent or contemporaneous parol agreement will not be allowed to vary or change a written agreement, and this rule is applicable to blank endorsements of promissory notes the same as other contracts.

SAME.—*Endorsement.*—*Fraud and Mistake.*—*Pleading.*—In such action a pleading is bad which alleges that it was intended that the endorsement should be made without recourse, but that the words "without recourse" were, by fraud and mistake, not endorsed on the notes, but does not aver in what the fraud consisted, nor allege facts tending to show that the parties were mistaken as to the contents of the contract when it was executed.

From the Elkhart Circuit Court.

*W. H. Vesey* and *C. W. Miller,* for appellant.

*H. D. Wilson* and *W. J. Davis,* for appellee.

BERKSHIRE, J.—This was an action brought by the appellee, a corporation, against the appellant upon two blank endorsements.

The complaint is in two paragraphs, and as they are not substantially different we will give the substance of the first paragraph.

On the 7th day of February, 1885, Jennette Gearer executed three promissory notes to the appellant, and she and her husband, at the same time, executed a mortgage on certain real estate in Kosciusko county to secure the said notes,

Brown *v.* Nichols, Shepard & Company.

the sum total for which said notes called being $1,300 ; that on the —— day of ——, 1885, the one of said notes first maturing was endorsed to Mitchell Charnley, and thereafter the other two were endorsed to appellee ; that there was a condition in the said mortgage that if there was default in the payment of either of said notes at maturity the whole of said mortgage debt was to become due and payable ; that when the said note endorsed to said Charnley became due, default was made in its payment, and the appellee elected that the said two notes which it held should be due and payable ; that on the 22d day of March, 1887, said Charnley and appellee brought their joint action in the circuit court of said county of Kosciusko upon said notes and said mortgage, and obtained several judgments against the said Jennette Gearer, and a decree against herself and husband, foreclosing said mortgage ; that the said judgments, including costs, aggregated $1,707.66 ; that afterwards an order of sale was made and execution was duly issued upon said judgments and decree to the sheriff of said county of Kosciusko, who thereafter advertised the said real estate for sale, and on the 25th day of June, 1887, sold the same for the sum of $1,300, which was applied first to the payment of the judgment of said Charnley, and the remainder to the payment of the judgment of the appellee ; that after the said application of the proceeds of said sale there still remained due to the appellee, on his said judgment, the sum of $500, and although the said Jennette Gearer was, during all the time said writ was in the hands of the said sheriff, a resident of said Kosciusko county, the said writ was returned by said sheriff unsatisfied except as to the sum realized from the sale of the said real estate ; there is the further allegation that the said Jennette Gearer, at the time said notes fell due, had no property subject to execution, and continued wholly insolvent.

The appellant answered in three paragraphs ; the general

denial, a plea of payment, and a paragraph tending to show a want of diligence on the part of the appellee.

To the third paragraph the appellee addressed a demurrer, which was sustained by the court, and the appellant filed an amended third paragraph, which, in substance, is that at the time said notes were endorsed the mortgaged property was of the value of $2,500; that said real estate was heavily timbered, which the appellee well knew; that the timber standing thereon was worth $1,200, and that the appellee knew that if it were cut down and removed the real estate would not, at a forced sale, bring a sum sufficient to satisfy said indebtedness; that, notwithstanding, the appellee stood by and allowed the said mortgagors to remove from the said real estate timber of the value of $1,000; that the appellant had no knowledge thereof and supposed the said notes had been fully paid until the bringing of this action; that if the appellee had prevented said mortgagors from removing said timber, said real estate, at a forced sale, would have brought more than the amount of the indebtedness as evidenced by said notes, including costs; that it was distinctly understood at the time said notes were endorsed that the said endorsements were made without recourse, but that by fraud and mistake the words "without recourse" were not endorsed or written on said notes; that at the time said notes were endorsed the appellant had purchased a separator and engine from the appellee and the said notes were taken in part payment therefor; that the appellee promised and agreed to collect said notes, and to make the amount due thereon (if not paid at maturity) out of the mortgaged real estate, and that the appellant was not to be liable on his said endorsements.

To the said third paragraph of answer, as amended, the appellee addressed a demurrer, which was sustained by the court, and the appellant reserved an exception.

After the demurrer had been sustained to the original third paragraph of answer, the appellee filed a reply in gen-

eral denial to the second paragraph of answer. Afterwards and before the filing of the amended third paragraph of answer the appellee moved the court, supported by affidavit, to strike out the second paragraph of the answer as a sham pleading, and in answer to the motion the appellant filed counter-affidavits, and after due consideration the court sustained the said motion and struck out the said answer. And the cause being at issue the same was submitted to the court for trial, and after hearing the evidence the court found for the appellee and assessed his damages at the sum of $491.85, and judgment was rendered accordingly.

The appellant appeals and assigns error as follows: 1. The court erred in sustaining appellee's motion to strike out the second paragraph of answer. 2. The court erred in sustaining the demurrer to the third paragraph of answer. 3. The court erred in sustaining the demurrer to the amended third paragraph of answer.

We are not called upon to decide whether the court erred or not in striking out the second paragraph of answer, for the reason that the appellant's counsel do not discuss the question in their brief, and hence waive its consideration.

The original third paragraph of answer having been amended after the demurrer was sustained thereto, the second assigned error presents no question for our consideration.

The only remaining alleged error is the third, which calls in question the sufficiency of the third paragraph of answer as amended.

We are of the opinion that the answer is bad, and that the court committed no error in sustaining the demurrer thereto.

It has many times been held by this court that a pleading should rest upon some definite theory, and be good upon that theory, and if not, when its sufficiency comes to be tested by a demurrer it will be held bad.

The pleading under consideration is objectionable, on the

ground of duplicity, because of which it is difficult to understand the theory upon which it rests.

One theory seems to be that it was the duty of the appellee to protect the mortgaged property against waste, and that having failed so to do, and as the result the value of the property having been greatly decreased, and because thereof it failed to sell for a sum sufficient to pay the amount due the appellee, the appellant is not liable upon his endorsement. The other theory is that the agreement was that the notes should be endorsed without recourse, but by fraud and mistake the words " without recourse " were omitted. But in this instance the theory of the pleading is wholly immaterial, for the reason that upon no ground can it be held to be good.

The appellee was not required to hold its endorser to resort to extraordinary remedies after the notes became due. *Thompson* v. *Campbell*, 121 Ind. 398 ; *Iles* v. *Watson,* 76 Ind. 359 ; *Titus* v. *Seward,* 68 Ind. 456 ; *Holton* v. *McCormick,* 45 Ind. 411 ; *Sims* v. *Parks,* 32 Ind. 363 ; *Hubler* v. *Taylor,* 20 Ind. 446 ; *Sayre* v. *McEwen,* 41 Ind. 109 ; *Cheek* v. *Morton,* 2 Ind. 321 ; 26 Am. Law Reg. 201, and authorities cited.

And much less was the appellee required to resort to extraordinary and doubtful remedies in advance of the maturity of the notes to save the appellant harmless from his contract of endorsement.

The statute, section 5504, R. S. 1881, provides that the assignee having used due diligence, shall have his action against his immediate endorser.

What is reasonable diligence within the meaning of this statute? It must be taken to mean the prompt employment of the means which the law affords for the enforcement and collection of debts when due and payable. In advance of the maturity of a promissory note an action is not maintainable thereon, and hence there is no want of diligence in not invoking legal process until that time arrives.

It has often been held by this court that the contract of an endorser, when the note is not governed by the law merchant, is a warranty that the maker of the note is legally bound for its payment, and will be able to pay it when it falls due.

The assignee is not presumed to know and can not know in advance of the maturity of the obligation that it will not be paid when due, and may and has the right to remain inactive until it matures.

If legal proceedings in advance of the maturity of the note become necessary to protect the endorser, it is for him and not the assignee to institute such proceedings. As to what is required of the assignee see *Thompson* v. *Campbell, supra,* and authorities cited; *Vance* v. *English,* 78 Ind. 80 (26 Am. Law Reg. 141, and authorities cited).

The authorities cited by counsel for appellant are not in point; as we have already seen, this is not a case where the ordinary relations of creditor and principal and surety exist. But if otherwise, there is no pretence that the appellee at any time relinquished in whole or in part the mortgage lien, or that it did any affirmative act whereby the security was impaired; all that is claimed is that the appellee remained inactive until the notes matured.

The law is well settled in this State that parol evidence of an antecedent or cotemporaneous parol agreement will not be allowed to vary or change a written agreement, and this rule has been applied to blank endorsements of promissory notes the same as other contracts. *Blair* v. *Williams,* 7 Blackf.132; *Harvey* v. *Laflin,* 2 Ind. 477; *Smith* v. *Stevens,* 3 Ind. 332; *Beagles* v. *Sefton,* 7 Ind. 496; *Hiatt* v. *Simpson* 8 Ind. 256; *Vore* v. *Hurst,* 13 Ind. 551; *Sill* v. *Leslie,* 16 Ind. 236; *Snyder* v. *Oatman,* 16 Ind. 265; *McGaughey* v. *Elliott,* 18 Ind. 121; *Drake* v. *Markle,* 21 Ind. 433; *Dale* v. *Moffitt,* 22 Ind. 113; *Oiler* v. *Gard,* 23 Ind. 212; *President, etc.,* v. *Hamilton,* 34 Ind. 506; *Roberts* v. *Mas-*

*ters,* 40 Ind. 461; *Durland* v. *Pitcairn,* 51 Ind. 426; *Stack* v. *Beach,* 74 Ind. 571.

But we do not understand the record as presenting that question. As we have already seen, the theory of the answer seems to be that because of fraud and mistake the parties did not reduce to writing the contract which they in fact made. In this respect the pleading is ill, for the reason that it fails to allege in what the fraud consisted, and no facts are alleged tending to show that the parties were mistaken as to the contents of the contract when the same was executed.

We find no error in the record.

Judgment affirmed, with costs.

